# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SERNOFFSKY, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>MATT NOVAK, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-0039-MMA-WVG<br><br>**ORDER GRANTING EX PARTE MOTION TO CONTINUE HEARING ON MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 29] |

Pending before the Court is Defendants' motion for summary judgment. *See* Doc. No. 24. Defendants' motion is currently set for hearing on September 25, 2023, meaning that Plaintiffs must file their opposition on or before September 11, 2023, *see* CivLR 7.1.e.2, and Defendants' reply is due no later than September 18, 2023, *see* CivLR 7.1.e.3. On September 11, 2023, Plaintiffs filed an *ex parte* motion to continue the September 25 hearing on Defendants' motion. *See* Doc. No. 30. Plaintiffs ask the Court to take the matter off calendar, and therefore vacate the remaining briefing schedule, and reset the briefing and hearing on the matter once Judge Gallo rules on an outstanding discovery dispute. According to Plaintiffs' counsel, he made two attempts to contact Defendants' counsel, by email and phone, on the morning of September 11, but did not receive a response. *See* Doc. No. 30. Later that afternoon, Defendants filed an opposition Plaintiffs' motion. *See* Doc. No. 31.

As Plaintiffs note, Defendants filed an "Amended Timeline" one week after filing their summary judgment motion, which includes additions to Defendants' account of the events that are the subject of this lawsuit. *Compare* Doc. No. 24-4 *with* Doc. No. 28. Plaintiffs also explain that the outstanding discovery dispute concerns unredacted and complete documents that Plaintiffs need to properly oppose the motion. In opposition, Defendants argue that Plaintiffs' request is untimely and unsupported by Federal Rule of Civil Procedure 56(d). *See* Doc. No. 31 at

While the Court appreciates Defendants' timing concerns, Plaintiffs do not rely on Rule 56(d) in support of their request. Rather, the Court has broad discretion to manage its own calendar, *see, e.g.*, *United States v. Batiste*, 868 F.2d 1089, 1091 n.4 (9th Cir. 1989), and may extend briefing schedules for good cause under Rule 6 (providing that courts may extend time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . ."). Fed R. Civ. P. 6(b)(1)(A). Having reviewed Plaintiffs' motion and declaration in support, Defendants' opposition, and the entire docket in this action, the Court finds good cause to vacate the hearing. Accordingly, the Court **GRANTS** Plaintiffs' motion, **VACATES** the September 25, 2023 hearing on Defendants' motion for summary judgment, and similarly **VACATES** the outstanding briefing schedule. The Court **DIRECTS** the parties to meet and confer and file a joint status report no later than **seven (7) calendar days** following Judge Gallo's ruling or Defendants' production of documents resulting from the ruling—whichever is later. The parties may propose a briefing schedule for the outstanding deadlines should they come to an agreement. Otherwise, the Court will then reset the matter for hearing and reset the remaining briefing deadlines.

**IT IS SO ORDERED**.

Dated: September 11, 2023

HON. MICHAEL M. ANELLO
United States District Judge