UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERNOFFSKY et al,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>NOVAK et al,<br><br>　　　　　　　　Defendants. | Case No.:  23-CV-39-MMA(WVG)<br><br>**ORDER FOLLOWING DISCOVERY CONFERENCE** |

　　　On August 3, 2023, Plaintiffs raised a discovery dispute with the Court. (ECF No. 22.) Plaintiffs sought to compel the production of redacted documents produced by Defendants in response to Plaintiffs' Requests for Production ("RFPs"), No. 1, 2, and 4 propounded to Defendant Novak[1], and attachments to emails withheld by Defendants Novak, Aguilar, and Scott. The Court ordered briefing on the discovery dispute and convened a discovery conference on August 18, 2023. (ECF No. 27.) Defendants also

---

[1] Plaintiff propounded identical RFPs to Defendants Aguilar and Scott, although numbered as RFP No. 3-6. Defendants Aguilar and Scott's responses and the document production were identical to Defendant Novak's responses to RFP No. 1, 2, and 4 and document production. Thus, this order equally applies to Defendants Aguilar and Scott's document production in response to RFP No. 3-6.

1

submitted the unredacted documents in dispute for *in camera* review. Having reviewed the Parties' briefing, convened a discovery conference, and conducted an *in camera* review of the documents in dispute, the Court addresses the redactions and withheld documents in turn.

I. **BACKGROUND**

a. **Scope of Limited Discovery Allowed**

As a threshold matter, on June 16, 2023, the Court issued an order following a Case Management Conference ("June 16, 2023 Order", ECF No. 19.) During the Case Management Conference, the Parties agreed that limited discovery focusing exclusively on Defendant Novak's decision to declare an unlawful assembly was the only discovery needed to prepare summary judgment motions, especially since extensive discovery already had been conducted in the related case of *Mandy Lien, et al., v. City of San Diego et al*, No. 21-CV-224-MMA (WVG) (S.D. Cal. Jan. 14, 2022). Accordingly, the Court ordered "limited and targeted interrogatories or request for productions propounded by Plaintiffs to Defendants, pertaining to Defendant Novak's decision to declare an unlawful assembly during the January 9, 2021 protests underlying Plaintiffs' Complaint, shall be completed no later than July 14, 2023." *Id.* The order also required the Parties to contact the chambers of Honorable Michael M. Anello no later than August 14, 2023 to obtain a hearing date in light of the Parties' representations they would be prepared to file summary judgment motions. *Id.*

On August 17, 2023, Defendants filed a motion for summary judgment. (ECF No. 24.) Plaintiffs contend the documents and redactions in dispute relate to the limited discovery afforded by the Court's June 16, 2023 Order and are necessary to oppose Defendants' motion for summary judgment. *See* ECF No. 29.

b. **Redactions in Document Production and Withheld Email Attachments**

Defendants' redactions to the document productions can be categorized into three groups: (1) witness, suspect, and arrestee's identifying or personal information, (2)

officer's personal information, and (3) law enforcement techniques and procedures. These redactions occur on pages COSD000369-370, COSD000371, COSD000372-74, COSD000376, COSD000387-388, COSD000389, COSD000396, COSD000400-13, COSD000414, COSD000464, COSD000475-480, and COSD000481-487.

Defendants also withheld attachments to emails that *were* produced, on the same basis of the official information privilege, the law enforcement privilege, and third-party privacy. The withheld email attachments were Bates stamped COSD000502-504, COSD000505-507, COSD000508-511, COSD000512-515, COSD000516, COSD000517-518, COSD000519-520, COSD000521-25, COSD000526-29.

Defendant produced a privilege log identifying the redactions and email attachments withheld. Defendants argue the redactions and failure to produce the email attachments are proper based on the official information privilege, the law enforcement privilege, and third-party privacy rights. Defendants also argue the redactions and email attachments are proper because the information sought by Plaintiffs have no relevance to the limited discovery agreed to between the Parties and authorized by the Court's June 16, 2023 Order.

In turn, Plaintiffs argue the information sought is highly relevant to Defendant Novak's decision to declare an unlawful assembly and the redactions are improper in light of this case's Protective Order and Defendants' use of the "Confidential - Attorney's Eye's Only" designation for all the documents produced.

## II. DISCUSSION

### a. Official Information Privilege

"Federal common law recognizes a qualified privilege for official information." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir.1990). "In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege." *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995). This balancing approach is "moderately pre-weighted in favor of disclosure." *Id.* Defendants bears the burden of establishing the

official information privilege applies. *Shiflett by and through Davenport v. City of San Leandro*, No. 21-cv-7802-LB, 2023 WL 4551077, at *2 (N. D. Cal. July 13, 2023).

The party asserting the privilege must make a "substantial threshold showing." *Soto*, 162 F.R.D. at 613. "[T]o fulfill the threshold requirement, the party asserting the privilege must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit." *Id.* The affidavit must include:

> (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

*Id.* "If the nondisclosing party does not meet this initial burden, the court will order disclosure of the documents; if the party meets this burden, the court generally conducts an *in camera* review of the material and balances each party's interests." *Rogers v. Giurbino*, 288 F.R.D. 469, 481 (S.D. Cal. 2012) (overruling privilege claim where defendant did not submit appropriate declaration).

Here, Defendants' brief supplies a signed declaration from Defendant Novak to fulfill its initial burden related to the redactions contained in COSD000475-480 and COSD000481-489. Defendant Novak's declaration appears to meet the five factors, as he declares he is "employed by the San Diego Police Department[,]" is "currently assigned as a Captain to Investigations 1 Unit[,]" that his "duties include the supervision and oversight of the operations of that unit[,]" that he has personally reviewed the redactions at issue, that the Contingency Plan contained in COSD000481-489 and After Action Report contained in COSD000475-480 were both prepared by Lieutenant Rick Aguilar for Defendant Novak, and the SDPD has maintained confidentiality of the redacted information and documents withheld. (Novak Decl. at ¶¶ 2, 7, 19.) Defendant Novak then

details how the disclosure of the documents create a substantial risk of harm to law enforcement interests. *Id.*

      i. <u>Contingency Plan - COSD000481-489 and After Action Plan - COSD000475-480</u>

With respect to the Contingency Plan contained in COSD000481-489, Defendant Novak's declaration details that the redactions need to remain because they contain (1) confidential San Diego Police Department (SDPD) techniques and procedures for addressing potential violence and unlawful civil disobedience at large political events – including the number of officers and undercover detectives, locations of command posts, modes of transportation for officer teams; monitoring tasks assigned to officer teams, identities of detectives assigned to the event, the specific manner in which teams would protect the public if the protestors became hostile or the crowd became too large for the officers to effectively handle, the precise communications, including frequencies, that the officers would use, the officer briefing and deployment schedule; (2) identifying information for individuals who provide information to the SDPD and Criminal Intelligence Unit ("CIU") and victims of attacks related to the incident, which may endanger these individuals; and (3) officer's personal cellphone numbers which would endanger the officers on and off-duty. (Novak Decl. at ¶¶4-6.)

With respect to the After Action Plan contained in COSD000475-480, Defendant Novak's declaration details that the redactions include (1) information related to techniques and procedures the SDPD used to address the violence and unlawful civil disobedience that occurred on January 9, 2022; (2) the officer teams who were assigned to particular tasks; (3) the specific command post and deployment locations; (3) the mode of transportation of each officer team; (4) the specific monitoring tasks and techniques utilized by each team of officers to protect the officers and the general public from further violence; and (5) the precise communications, including radio frequencies, that the officers used. (Novak Decl. at 4.) Defendant Novak's declaration also indicates redactions were made to the After Action report related to the privacy rights of minors arrested or detained at the time of the

incident. (*Id.* at ¶10.) Defendant Novak's declaration states disclosure of such information even in light of a protective order would undermine SDPD's investigatory procedures and techniques and "seriously impair SDPD's ability to conduct future investigations, thereby endangering the safety of law enforcement personnel as well as San Diego residents" because "SDPD would never know if its operations had been compromised by an unauthorized disclosure of that information." *Id.* Finally, Defendant Novak's declaration states such disclosure would discourage SDPD and other law enforcement agencies from keeping records of their confidential techniques and procedures for completed operations. *Id.*

Based on Defendant Novak's declaration, the Court finds Defendants sufficiently satisfied their initial burden to make a substantial threshold showing that the official information privilege applies to the Contingency Plan contained in COSD000481-489 and After Action Report contained in COSD000475-480, subject to three exceptions. The Court has reviewed the Contingency Plan contained in COSD000481-489 and After Action Report contained in COSD000475-480 *in camera* and concludes the redacted information clearly relates to sensitive law enforcement techniques and procedures, and does not weigh in favor of disclosure under the Protective Order, with the following exceptions: (1) the name of the event organizer on COSD000475, COSD000481, COSD000482, and COSD000486, (2) the Instagram handle for the counter-protest organizer listed on COSD000482 and COSD000486; and (3) redactions on COSD000479-480 that are not case numbers.

As to the name of the event organizer on COSD000475, COSD000481, COSD000482, and COSD000486, and the Instagram handle for the counter-protest organizer listed on COSD000482 and COSD000486, the Court is not persuaded that the disclosure of the two identifying names under the Protective Order would undermine law enforcement's investigatory process, endanger police officers, or chill officer's record keeping duties, particularly as the identities of the protest and counter-protest organizations could be readily procured from numerous other sources in light of the public nature of the

protests.

As to the redactions on COSD000479-480, with the exception of the redactions to case numbers, the Court finds no risk to these individual's privacy as the report vaguely refers to the individuals as juveniles but does not provide any identifying information.

Based on the limited scope of discovery allowed at this point, Defendants are not required to disclose the redactions contained in the Contingency Plan, bates stamped COSD000481-489, and After Action Plan, bates stamped COSD000475-480, with the exceptions of (1) the name of the event organizer on COSD000475, COSD000481, COSD000482, and COSD000486, (2) the Instagram handle for the counter-protest organizer listed on COSD000482 and COSD000486, and (3) redactions on COSD000479-480 that are not case numbers.

### ii. "Patriot March 1-9-2021.dox" Email Attachments Withheld

Additionally, Plaintiffs seek the production of attachments to emails bates stamped COSD000380, COSD000415, COSD000420, COSD000441, and COSD000444-445, and named "Patriot March 1-9-2021.dox". Plaintiffs argue none of these attachments were produced. During the August 18, 2023 discovery conference, Defendants' counsel represented that these attachments named "Patriot March 1-9-2021.dox" were earlier drafts of the final Contingency Plan which has been produced to Plaintiffs. In light of Defendants' prior production of the final Contingency Plan, the Court finds the previous drafts of the Contingency Plan not relevant to Plaintiffs' allegations and does not order disclosure of the attachments.

### b. Law Enforcement Investigatory Privilege

Although the Ninth Circuit has not expressly recognized the law enforcement privilege, several courts within this circuit have acknowledged and applied it. *See Roman v. Wolf*, No. EDCV20-0768-TJH(PVC), 2020 U.S. Dist. LEXIS 213025, at *5 (C.D. Cal. July 16, 2020), *Jones v. Hernandez*, No. 16-CV-1986 W (WVG), 2018 U.S. Dist. LEXIS 71378, at *8–10 (S.D. Cal. Apr. 27, 2018); *Roy v. County of Los Angeles*, No. CV 12-09012-AB (FFMx), 2018 WL 914773, at *12 (C.D. Cal. Feb. 7, 2018); *United States v.*

*Rodriguez-Landa*, No. 13- cr-00484-CAS, 2019 WL 653853, at *16 (C.D. Cal. Feb. 13, 2019).

The law enforcement investigatory privilege "serves to prevent disclosure of law enforcement techniques and procedures, preserve the confidentiality of sources, protect witnesses and law enforcement personnel, *safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference with the investigation.*" *Moore v. Garnand*, No. CV19-0290-TUC-RM(LAB), 2020 U.S. Dist. LEXIS 120496, at *6-7 (D. Ariz. July 9, 2020) (internal quotation and citation omitted) (emphasis added); *see also In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988); *Tuite v. Henry*, 181 F.R.D. 175, 176 (D.D.C. 1998), aff'd, 203 F.3d 53, 340 U.S. App. D.C. 183 (D.C. Cir. 1999) ("The federal law enforcement privilege is a qualified privilege designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement."). "In order to assert the privilege, the following requirements must be met: (1) there must be a formal claim of privilege by the head of the department having control over the requested information, (2) assertion of the privilege must be based on actual personal consideration by that official, and (3) the information for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope of the privilege." *Roman v. Wolf*, No. EDCV20-0768-TJH(PVC), 2020 U.S. Dist. LEXIS 213025, at *5 (C.D. Cal. July 16, 2020) (citing *Landry v. F.D.I.C.*, 204 F.3d 1125, 1135 (D.C. Cir. 2000)).

Here, Defendants have met requirements set to assert the law enforcement privilege. Defendants submitted a signed declaration from Defendant Novak, who is "employed by the San Diego Police Department[,]" is "currently assigned as a Captain to Investigations 1 Unit[,]" that his "duties include the supervision and oversight of the operations of that unit[,]" that he has personally reviewed the redactions at issue, and the SDPD has maintained confidentiality of the redacted information and documents withheld. (Novak's Decl. at 1-2, ¶19.) Defendant Novak's declaration then proceeds to detail the need for the privilege and each redactions contained in COSD000369-370, COSD000371,

COSD000372-74, COSD000376, COSD000387-388, COSD000389, COSD000396, COSD000400-13, and COSD000414.  (Novak Decl. at ¶¶12-17.) Defendant Novak declares the redactions are proper as they contain (1) confidential San Diego Police Department (SDPD) techniques and procedures for addressing potential violence and unlawful civil disobedience at large political events – including the number of officers and undercover detectives, locations of command posts, modes of transportation for officer teams; monitoring tasks assigned to officer teams, identities of detectives assigned to the event, the specific manner in which teams would protect the public if the protestors became hostile or the crowd became too large for the officers to effectively handle,  the precise communications, including frequencies, that the officers would use, the officer briefing and deployment schedule; (2) arrest reports and related officer reports containing law enforcement techniques and procedures that would undermine subsequent investigations if disclosed; (3) identifying information for individuals who provide information to the SDPD and Criminal Intelligence Unit ("CIU") and victims of attacks related to the incident, which may endanger these individuals; (4) officer's personal cellphone numbers which would endanger the officers on and off-duty; and (5) privacy rights of political figures unrelated to the incident underlying this case. (Novak Decl. at 1-9.)

Safeguarding some of this information under these circumstances aligns with the purpose of the law enforcement investigation privilege, however, the Court finds some redactions were unwarranted, and orders disclosure as set forth below.

i. Redactions in Document Production

As to the redactions on COSD000369-370, COSD000387, COSD000388, COSD000390, and COSD000393, the Court finds the redactions here are identical to the redactions of (1) the name of the event organizer listed on COSD000475, COSD000481, COSD000482, and COSD000486, and (2) the Instagram handle for the counter-protest organizer listed on COSD000482 and COSD000486. Accordingly, Defendant is ordered to disclose the name of the event organizer listed on COSD000369-370, COSD000387, COSD000388, COSD000390, and COSD000393, and the Instagram handle for the

counter-protest organizer listed on COSD000370, COSD000387, COSD000388, COSD000390, and COSD000393.

With respect to COSD000371, Defendant Novak's declaration does not provide any explanation as to why the fifteen email attachments were not produced. Accordingly, the Court orders Defendants to produce the fifteen email attachments labeled "screenshots" that were not attached to COSD000371.

As to the redaction of the witnesses name and contact information contained on COSD000371, COSD000372, COSD000400, COSD000403, COSD000404, COSD000408, COSD000409, COSD000411-12, the Court finds the witness name should not be disclosed as it appears there may be an ongoing investigation and disclosure of such information may endanger the victim.

As to the Instagram photos on COSD000410 and COSD000413 Defendant Novak's declaration states disclosure of the redacted information could endanger the safety of individuals reporting concerns about the upcoming January 9, 2021 protests or actions of others observed during or in the days following the protests, and could undermine confidential investigations. In light of the Defendants meeting their burden on the investitive privilege here, disclosure is not proper.

However, as to the names of individuals in the text of the email and embedded in the KUSI news articles and Facebook links, on COSD000372-374, COSD000401-402, COSD000404-406, the Court finds no investigative privilege as those individual's identities appear to have been publicly posted on websites through their own accord.

### ii.   Email Attachments Withheld

The Court now turns to nine email attachments withheld by Defendants, bates stamped COSD000502-504, COSD000505-507, COSD000508-511, COSD000512-515, COSD000516, COSD000517-518, COSD000519-520, COSD000521-525, and COSD000526-529. Here, in support of the law enforcement investigatory privilege, Defendant Novak's declaration states the nine email attachments were properly withheld because they contain arrest reports, officer reports, and Vice Unit Investigator reports

concerning three suspects who were arrested for failing to disperse from the January 6, 2021 March area after the Unlawful Assembly order was issued. (Novak Decl. at ¶11.) Defendant Novak's declaration also contains confidential information relating to the circumstances of each arrest, including law enforcement techniques and procedures used, and private information including each suspect's name, date of birth and address. *Id.* Defendant Novak states the disclosure of such information which would endanger law enforcement personnel, impair the ability of a law enforcement agency to conduct further investigation, undermine the privacy of these suspects, and if the information was disclosed on an "attorneys' eyes only" basis, the same risks would remain if there was an unauthorized disclosure of that information. *Id.*

The Court is not necessarily persuaded that Defendants have met their burden as to the investigatory privilege for all nine of the withheld email attachments. In *Lien*, the District Court found the privilege applied to internal documents maintained by the San Diego Police Department relating to "an ongoing, pending criminal prosecution" and "ongoing active criminal investigations" and affirmed the production of those documents to the civil action plaintiffs with redactions to information identifying those individuals. *Mandy Lien, et al., v. City of San Diego et al*, No. 21-CV-224-MMA (WVG), 2022 WL 134896, at **3-4 (S.D. Cal. Jan. 14, 2022). In *Morton*, the court found the privilege did not apply because the San Diego Police Department failed to explain how redactions in CIRB Reports subject to the existing Protective Order would be insufficient to protect the integrity of any unspecified investigations or prosecutions. *Marilyn Morton, et al., v. County of San Diego, et al.*, No. 21-CV-1428-MMA-DDL, 2023 WL 6150402, at *11 (S.D. Cal. Sept. 20, 2023).

Here, COSD000502-504, COSD000505-507, and COSD000508-511 are arrest reports of individuals who did not disperse after Unlawful Assembly was declared on January 9, 2021. (Novak Decl. at ¶ 11.) COSD000512-515, COSD000516, COSD000517-518, COSD000519-520, COSD000521-525, and COSD000526-529 are officer reports and Vice Unit Investigator reports concerning the three individuals who were arrested for

failing to disperse. *Id.* Although Defendant Novak's declaration cites to the risk that disclosure of such information would harm future investigations by revealing sensitive police techniques or procedures, none of the reports reveal any such thing. Moreover, there is no indication that law enforcement has any ongoing investigation or prosecution against these three individuals. Nor does Defendant Novak's declaration explain how redactions to specific portions of the arrest reports would be insufficient to protect the integrity of any unspecified investigations or prosecutions, or sensitive techniques and procedures for that matter. *See Morton*, 2023 WL 6150402, at *11.

For these reasons, Defendants have not met their burden to establish that the law enforcement investigatory privilege applies to COSD000502-504, COSD000505-507, COSD000508-511, COSD000512-515, COSD000516, COSD000517-518, COSD000519-520, COSD000521-525, and COSD000526-529. The Court does acknowledge the privacy considerations of the individuals arrested; thus Defendants are ordered to produce COSD000502-504, COSD000505-507, COSD000508-511, COSD000512-515, COSD000516, COSD000517-518, COSD000519-520, COSD000521-525, and COSD000526-529, subject to redactions related to personal identifying information, including the names, addresses, date of birth, phone numbers, California driver's license numbers, California identification number, and social security numbers contained in the arrest reports.

### c. Privacy Privilege and Considerations

"Federal courts recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Carr v. Cnty. of San Diego*, No. 19-cv-1139-JLS-MDD, 2020 WL 7074881, at *4 (S.D. Cal. Dec. 3, 2020). "Resolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted." *Soto*, 162 F.R.D. at 616. "However, these privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments." *Id.* "[P]rivacy objections can be appropriately addressed by: (1) redacting any personal identifying information from the documents produced; and (2) producing

documents under a protective order to minimize any invasion into the individual's privacy rights." *Stuart v. Cnty. of Riverside*, No. 522CV701SPGMAR, 2023 WL 4826231, at *2 (C.D. Cal. June 15, 2023).

Although Plaintiffs argue the names of witnesses and officer's cellphone numbers are relevant to Plaintiffs' liability claims, the Court is not inclined to find disclosure warranted at this stage in the litigation, in light of the limited scope of discovery allowed. Specifically, Plaintiffs argue they need the cellphone numbers to subpoena text messages and call logs on the day of the incident. Clearly the use of the cellphone numbers on subpoenas would extend beyond the "Attorney's Eyes-Only" designation and risks such information disclosed into the public. Courts in this district have held that to the extent government reports contain personal identifiable information regarding law enforcement employees (other than their names and titles) such as marital status, spouse names, children's names, driver's license numbers, Social Security numbers and home addresses, defendants may redact that information. *MARILYN MORTON, et al. Plaintiffs, v. COUNTY OF SAN DIEGO, et al., Defendants. Additional Party Names: Joseph Morton*, No. 21-CV-1428-MMA-DDL, 2023 WL 6150402, at *11 (S.D. Cal. Sept. 20, 2023) (citing to *Stuart*, 2023 WL 4826231, at **3-4). Accordingly, the Court declines to order disclosure of officer's cellphone numbers contained on COSD000370, COSD000388, COSD000389, COSD000390, COSD000393, and COSD000484-486.

Regarding the redactions of political figures unrelated to the incident underlying this case on COSD000414, the names of the public political figures and the addresses of these individuals are neither relevant to Plaintiffs' claims nor do they warrant disclosure. However, the Court does not find the other redactions contained on COSD000414 to warrant preclusion of disclosure. Defendants are ordered to produce COSD000414 with redactions limited to only the names and addresses of the political figures.

As to the redactions on COSD000376, the Court finds the names and dates of birth of the individuals arrested in connection with the January 9, 2021 protests to have been properly redacted.

As to the redactions contained on COSD000396, COSD000464, the Court agrees that the privacy rights of individuals entirely unrelated to the January 9, 2021 protests, referenced in investigations or reports do not warrant disclosure. As to COSD000396, this individual's report that she saw an online post about the January 9, 2021 protest has little relevance beyond the fact the information was passed on to SDPD.

### III. CONCLUSION

The Court orders Defendant to:

1. Disclose the name of the event organizer listed on COSD000369-370, COSD000387, COSD000388, COSD000390, COSD000393, COSD000475, COSD000481, COSD000482, and COSD000486.

2. Disclose the Instagram handle for the counter-protest organizer listed on COSD000370, COSD000482, COSD000486, COSD000387, COSD000388, COSD000390, and COSD000393.

3. Produce COSD000479-48, with redactions limited to only the case numbers.

4. Produce the fifteen email attachments labeled "screenshots" that were not attached to COSD000371.

5. Disclose the names of individuals in the text of the email and embedded in the KUSI news articles and Facebook links, on COSD000372-374, COSD000401-402, COSD000404-406.

6. Produce COSD000502-504, COSD000505-507, COSD000508-511, COSD000512-515, COSD000516, COSD000517-518, COSD000519-520, COSD000521-525, and COSD000526-529, subject to redactions related to personal identifying information, including the names, addresses, date of birth, phone numbers, California driver's license numbers, California identification number, and social security numbers contained in the arrest reports.

///
///
///

7.  Produce COSD000414 with redactions limited to only the names and addresses of the political figures.

**IT IS SO ORDERED**.

Dated:  September 29, 2023

_____
Hon. William V. Gallo
United States Magistrate Judge