**PEASE LAW, APC**
Bryan W. Pease, Esq. (SBN 239139)
3960 W. Point Loma Blvd., Ste. H-2562
San Diego, CA 92110
Tel: (619) 723-0369
Email: bryan@peaselaw.org

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SERNOFFSKY, LAUREN GAW, and DANIELLE RICHARDSON, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO POLICE CAPTAIN MATT NOVAK, SAN DIEGO POLICE LIEUTENANT RICK AGUILAR, SAN DIEGO POLICE LIEUTENANT SCOTT, and DOES 1-15; <br><br> Defendants. | Case No. 3:23-cv-00039-MMA-WVG <br><br> **PLAINTIFFS' RULE 72 OBJECTION** <br><br> Date: November 20, 2023 <br> Time: 2:30 p.m. <br> Judge: Hon. Michael M. Anello <br> Courtroom: 3C |

1
**RULE 72 OBJECTION**

## I. INTRODUCTION

Rule 72 provides that a party may object to a discovery ruling by a magistrate when the ruling is "clearly erroneous or is contrary to law." Plaintiffs hereby object to the September 29, 2023 discovery ruling. (ECF No. 33.)

Despite entering into a stipulated protective order, and labeling *all* documents produced with the highly sensitive designation "Confidential – For Attorney's Eyes Only," Defendants nonetheless redacted much of the relevant and discoverable information sought in the document production. Defendants also failed to produce multiple email attachments, drafts of reports, and *any* documents in native format. The redacting of the emails also had the effect of requiring documents to be produced in an unwieldy PDF format rather than native format with metadata intact.

The entire point of a stipulated protective order is to allow documents to be produced that should not be publicly disseminated. With that order in place, there is no excuse for Defendants failing to produce complete, *unredacted*, native format documents, and all attachments and drafts.

## II. ARGUMENT

The relevant standard is as follows:

> "As the party asserting the privilege and seeking its benefits, [D]efendants have the burden of establishing that the privilege applies" to each of the 19 documents at issue. *Dousa*, 2019 U.S. Dist. LEXIS 204449, 2019 WL 6311990, at *2. To do so, Defendants must put forth "'competent evidence about how the specific requested disclosure would harm governmental interests.'" *Id*. (quoting *Kelly v. City of San Jose*, 114 F.R.D. 653, 663, 669 (N.D. Cal. 1987)). Such evidence should include a "formal claim of privilege" by a responsible official, based on that official's personal consideration of the information, that describes with specificity both the information to be protected and the harm that would ensue from its disclosure. *Wagafe v. Trump*, 334 F.R.D. 619, 623 (W.D. Wash. 2020).

(*Al Otro Lado, Inc. v. Wolf*, 2020 U.S. Dist. LEXIS 112345, *9.)

Here, Defendants have fallen far short of meeting this standard, instead carelessly designating *all* documents produced *en masse* with the most sensitive designation, "Confidential – For Attorney's Eyes Only," and on top of that redacted all of the potential sensitive—and highly relevant—information.

> Further, even assuming Defendants had articulated tangible and nonspeculative harms that might ensue from ***public*** disclosure of the purportedly privileged documents, they fail to address how those harms would be mitigated by the Protective Order in place in this litigation. See *Kelly*, 114 F.R.D. at 662 (noting the distinction between disclosure to the public at large and disclosure to a litigant and her counsel). Defendants' declarant describes the potential consequences should documents describing CBP's law enforcement techniques become widely known. Wagner Decl., ¶¶6-8, 13. Yet, when Defendants disclosed the SENTRI email family to Plaintiffs, they designated the email itself and 4 of the embedded images "Highly Confidential — Attorneys' Eyes Only" and designated the remaining embedded images "Confidential," thereby prohibiting their disclosure outside of the litigation. **<u>Defendants largely ignore the safeguards these designations afforded them.</u>**

(*Al Otro Lado, supra,* 2020 U.S. Dist. LEXIS 112345, *17, bold italics in original, bold underline added.)

Similarly here, Defendants have ignored the safeguards provided by the stipulated protective order and have still refused to produce relevant documents, redacting highly relevant and discoverable information and failing to produce other documents entirely.

"[T]he Ninth Circuit has developed a balancing test to determine when a protective order restricting an attorney's access to highly confidential information may be appropriate. [Citation]. A court must weigh the prejudice to the party whose attorney is being denied access to protected documents against the risk of inadvertent disclosure of highly confidential information and the potential harm of inadvertent disclosure to the party wishing to maintain the protective order." (*Mad Catz Interactive, Inc. v. Razor USA, Ltd.*, 2014 U.S. Dist. LEXIS 115896, *5.)

1  The discovery order allows clearly relevant information that goes to the heart of
2  Plaintiff's theory of the case to be redacted. Plaintiffs' theory is that Defendants always
3  planned to declare an "unlawful assembly" as to the anti-Trump side *only*, and that they
4  would then use gradually escalating crowd control techniques to agitate the crowd and
5  provoke sporadic incidents that would then later be used to justify the earlier declaration
6  of unlawful assembly, which was in fact without any lawful basis.

7  Specific redactions are described below. With permission of the Court obtained on
8  October 13, 2023, Plaintiffs will lodge the redacted versions of the documents under seal
9  with the Court and request that Defendants lodge the unredacted versions for in camera
10 review was done with Judge Gallo.

11 **A.    Contingency Plan – COSD000481-489**

12 Page COSD000487 has a section labeled "escalation phases," with the entire
13 section redacted. This is exactly what Plaintiffs contend caused the incidents that
14 Defendants would later use to justify the earlier declaration of "unlawful assembly," but
15 the discovery order deprives even Plaintiffs' counsel of seeing this information even
16 subject to a "highly confidential" designation.

17 **B.    After Action Plan – COSD000475-480**

18 The After Action Report has a paragraph on page COSD000476 that has a
19 paragraph starting with "The plan called for…" with the next six lines of text completely
20 redacted, thus depriving even Plaintiffs' *counsel* of even knowing—again subject to a
21 highly confidential protective order designation—what the "plan called for."

22 The next paragraph describes an incident that caused Defendant Scott to advise by
23 radio something, the entire line of which is redacted.

24 The next paragraph describes the first interaction between SDPD and the anti-
25 Trump protesters at 1:30 p.m. at Ocean Boulevard and Thomas Avenue. However, five
26 lines are redacted describing what occurred.

27 The next paragraph describes what happened at approximately 1:45 p.m., when
28 the anti-Trump protesters "began moving back in a northbound direction on the

boardwalk and eventually stopped at Crystal Pier." It states that the SDPD bike team did something "simultaneously," but the next two lines of whatever that was are redacted.

On the next page, COSD000477, the report describes how at 2:20 p.m., the anti-Trump protesters were in the street at 4400 Mission Boulevard, and that certain officers were "redirected," with the next five lines redacted stating what occurred.

The third paragraph states something that the main line of SDPD officers did, but the next two lines are redacted.

The next paragraph describes what happened after anti-Trump protesters supposedly began throwing things at officers, with command staff requesting additional resources at 2:35 p.m. (although all video footage from this time contradicts this claim). This is right when the first unlawful assembly announcement occurred, but even this fact is apparently redacted from the report, with the next four lines redacted.

The next paragraph has a line redacted that has highlighting behind it, so clearly the City considers it to contain an important fact, and it describes something protesters did regarding an attempted arrest that was taking place, but it is redacted.

The next page has four almost entire paragraphs redacted.

The discovery order refers to "investigatory procedures and techniques" as being what needs to be kept even from counsel's eyes here. However, these redactions are not about any "investigation." Rather, they are about crowd control and incitement, as well as what actually occurred that day, and they are clearly relevant to Plaintiffs' claims.

**B.    "Patriot March 1-9-2021.docx" Email Attachments Withheld**

It should be noted that Defendants did not provide these documents for in camera review, so the discovery order is not based on even having reviewed them. The order simply states in conclusory fashion that because the final plan was produced, drafts do not need to be produced. But the drafts and edits to the drafts show what facts Defendants may have been attempting to finesse or obscure. There is communication in the emails back and forth about the drafts regarding editing and highlighting certain things. They are relevant and should be produced.

### C. Witness Information

The discovery order states, "As to the redaction of the witnesses name and contact information contained on COSD000371, COSD000372, COSD000400, COSD000403, COSD000404, COSD000408, COSD000409, COSD000411-12, the Court finds the witness name should not be disclosed as it appears there may be an ongoing investigation and disclosure of such information may endanger the victim." This is clearly erroneous as to some of these witnesses, for instance the witness on page COSD000407 who stated, "I was present at the pier and adjacent streets from 1230 to ~4pm on Saturday Jan 9 in observation and not supporting either group, if I can help with anything." This is exactly the kind of independent witness who could be very useful to this case.

The almost complete redaction of COSD000410 also makes no sense. It is an Instagram post with everything redacted except the words "Chicano Park" and "Chicano Park Day." The order refers to Defendant Novak's declaration stating that "disclosure of the redacted information could endanger the safety of individuals reporting concerns about the upcoming January 9, 2021 protests or actions of others observed during or in the days following the protests, and could undermine confidential investigations." This is again clearly erroneous and contrary to law. Plaintiffs' counsel is entitled to see what this post is.

There is also no basis for redacting the names of those arrested for failure to disperse, which the discovery order continued to allow.

### III. CONCLUSION

For the foregoing reasons, the discovery order should be overruled and Defendants should be ordered to produce all of the documents in unredacted, native format, with all attachments.

Dated: October 13, 2023              By    s/ Bryan Pease
                                           Bryan Pease, Esq.
                                           Attorney for Plaintiffs