# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SERNOFFSKY, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>MATT NOVAK, et al.,<br><br>                              Defendants. | Case No. 23-cv-0039-MMA-MSB<br><br>**ORDER: SUSTAINING RULE 72 OBJECTION; AND**<br><br>[Doc. No. 35]<br><br>**DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**<br><br>[Doc. No. 24] |

On January 9, 2023, Plaintiffs Susan Sernoffsky, Lauren Gaw, and Danielle Richardson initiated this action against San Diego Police Captain Matt Novak, San Diego Police Lieutenants Rick Aguilar and Scott, and Does 1 through 15. *See* Doc. No. 1. ("Compl."). Plaintiffs bring First, Fourth, and Fourteenth Amendment claims stemming from the January 2021 protests in Pacific Beach. *See id.* Defendants filed their Answer on April 5, 2023. *See* Doc. No. 8.

This case is substantially related to the case *Lien et al. v. City of San Diego et al.*, Case No. 21-cv-224-MMA-WVG, which was resolved at the summary judgment stage.

Plaintiffs' attorney also represented the *Lien* plaintiffs in the related case, and *Lien* involved overlapping defendants and claims.  As a result, on June 16, 2023, the parties agreed, and the Magistrate Judge ordered, that discovery would be stayed pending a ruling on summary judgment in light of the extensive discovery taken in *Lien*.  *See* Doc. No. 19.  The Magistrate Judge permitted only limited pre-summary judgment discovery "pertaining to Defendant Novak's decision to declare unlawful assembly" during the protests.  *See id.*  He also ordered that it be completed by July 14, 2023, and directed the parties to obtain a hearing date on any summary judgment motions from the undersigned's chambers by August 14, *see id.* at 2, which practically speaking set the dispositive motions deadline for August 17, *see* Civ. Chambers R. III.

On August 3, 2023, the parties contacted the Magistrate Judge's chambers, informing him of a discovery dispute.  *See* Doc. No. 22.  On August 17, 2023, Defendants filed a motion for summary judgment.  *See* Doc. No. 24.  Defendants' summary judgment motion was originally set for hearing on September 25, 2023, meaning that Plaintiffs' opposition was due by September 11 and Defendants' reply was due by September 18.  On the deadline to file their opposition, Plaintiffs filed an *ex parte* motion to continue the hearing and briefing on Defendants' summary judgment motion. *See* Doc. Nos. 29, 30.  Plaintiffs explained that they were still awaiting a ruling on the outstanding discovery dispute and believed that they needed the disputed documents to oppose summary judgment.  *See id.*  Defendants opposed the *ex parte* motion.  *See* Doc. No. 31.

The Court granted Plaintiffs' *ex parte* motion and vacated the hearing and outstanding briefing on Defendants' summary judgment motion.  *See* Doc. No. 32.  The Court directed the parties to file a joint status report following the discovery ruling or any resulting production, whichever was later.  *See id.*  On September 29, 2023, the Magistrate Judge issued a Discovery Order.  *See* Doc. No. 33.  On October 11, 2023, the parties filed a joint status report that reflected their disagreement regarding when to move forward with the summary judgment motion.  *See* Doc. No. 34.

1        On October 13, 2023, Plaintiffs filed a Rule 72 objection to the Discovery Order.

2 *See* Doc. No. 35.  On October 17, 2023, the case was reassigned to Magistrate Judge

3 Michael S. Berg.  *See* Doc. No. 7.  Thereafter, the Court issued an interim order on the

4 summary judgment motion and Rule 72 objection.  *See* Doc. No. 38.  That Order set

5 briefing schedules for both Defendants' summary judgment motion and Plaintiffs' Rule

6 72 objection.  Plaintiffs' objection is now fully briefed, *see* Doc. Nos. 39, 41, while the

7 briefing on Defendants' summary judgment motion remains outstanding.

8 <center>**RULE 72 OBJECTION**</center>

9        As noted above, on September 29, 2023, the then-assigned Magistrate Judge issued

10 a Discovery Order directing Defendants to disclose the names of certain individuals and

11 produce various documents with redactions.  *See* Doc. No. 33.  Plaintiffs object to the

12 denial of their motion to compel the production of unredacted versions of these

13 documents.  *See* Doc. No. 35.

14        Pursuant to Rule 72(a), a party may object to a non-dispositive pretrial order of a

15 magistrate judge within fourteen days of service of the order. Fed. R. Civ. P. 72(a).

16 District court review of magistrate judge orders on non-dispositive motions is limited.  A

17 district judge may reconsider a magistrate judge's ruling on a non-dispositive motion

18 only "where it has been shown that the magistrate [judge]'s order is clearly erroneous or

19 contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Grimes v. City*

20 *and Cnty. Of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).  "Under this standard of

21 review, a magistrate [judge]'s order is 'clearly erroneous' if, after considering all of the

22 evidence, the district court is left with the definite and firm conviction that a mistake has

23 been committed, and the order is 'contrary to law' when it fails to apply or misapplies

24 relevant statutes, case law or rules of procedure."  *Yent v. Baca*, No. CV-01-10672

25 PA(VBKX), 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002).

26        The threshold of the "clearly erroneous" test is high and significantly deferential.

27 "The reviewing court may not simply substitute its judgment for that of the deciding

28 court."  *Grimes*, 951 F.2d at 241.  "A finding is 'clearly erroneous' when although there

is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004).  In comparison, a magistrate judge's order is contrary to law if the judge applies an incorrect legal standard or fails to consider an element of the applicable standard.  *See Hunt v. Nat'l Broad Co.*, 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion.)

Having conducted an *in camera* review of the subject documents and upon review of the entire record, including the Discovery Order and the parties' briefs, the Court **SUSTAINS** Plaintiffs' objection.

Generally speaking, Defendants asserted the official information privilege and law enforcement investigatory privilege when they withheld unredacted versions of the subject documents.  These privileges are virtually synonymous, *see, e.g.*, *Lien v. City of San Diego*, No. 21-CV-224-MMA(WVG), 2021 U.S. Dist. LEXIS 200221, at *3 (S.D. Cal. Oct. 18, 2021); *Dousa v. United States Dep't of Homeland Sec.*, No. 19cv1255-LAB(KSC), 2019 U.S. Dist. LEXIS 204449, at *5 (S.D. Cal. Nov. 22, 2019); *Al Otro Lado, Inc. v. Wolf*, No. 3:17-cv-2366-BAS-KSC, 2020 U.S. Dist. LEXIS 112345, at *8 (S.D. Cal. June 26, 2020), and serve to "prevent disclosure of law enforcement techniques and procedures, preserve the confidentiality of sources, protect witnesses and law enforcement personnel, safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference with the investigation." *Lien*, 2021 U.S. Dist. LEXIS 200221, at *4.  When a withholding party makes the threshold showing that the privilege applies, the Court must "weigh the government's interests in ensuring the secrecy of the documents in question against the need of the adverse party to obtain discovery." *Al Otro Lado*, 2020 U.S. Dist. LEXIS 112345, at *9 (internal citations and quotation marks omitted).  The balancing test is "moderately pre-weighted in favor of disclosure" and includes the consideration of numerous factors, including whether the existence of a protective order could ameliorate the asserted harm. *Kelly v. City of San*

*Jose*, 114 F.R.D. 653, 662 (N.D. Cal. 1987).

On this record, it appears that this legal standard was not correctly applied, and the Court is left with the definite and firm conviction that a mistake has been committed. Additionally, at least one of Plaintiffs' requests appears to remain outstanding. For these reasons, the Court **SUSTAINS** Plaintiffs' Rule 72 objection to the Discovery Order in its entirety. The parties are **DIRECTED** to meet and confer and jointly contact Judge Berg's chambers to schedule a discovery conference at his convenience.

### MOTION FOR SUMMARY JUDGMENT

Having reviewed the entire record of this case, including the briefing on the matters presently before the Court, and in light of the foregoing, it is clear that Defendants' summary judgment motion is premature. The Court recognizes that parties are permitted to file summary judgment motions "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Rule 56 also provides that the Court may deny a summary judgment motion "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(1). As Defendants preemptively argued in opposition to Plaintiffs' *ex parte* motion, Plaintiffs have not met that burden here. While Plaintiffs' attorney submitted a declaration in connection with the request, he did not provide any specific reasons why Plaintiffs cannot oppose the summary judgment motion. *See* Doc. No. 30. Nor did Plaintiffs expressly seek relief under Rule 56(d).

Nonetheless, courts have found pre-discovery summary judgment motions premature and have denied such premature summary judgment motions in the absence of a formal request under Rule 56(d) or seemingly without a sufficient declaration under that rule. *See Knuth v. CAP Patrol, LLC Ohio*, No. 23-cv-1676-BAS-DEB, 2023 U.S. Dist. LEXIS 186598, at *1 (S.D. Cal. Oct. 17, 2023); *Hammler v. Hernandez*, No. 1:19-cv-00616-SKO (PC), 2022 U.S. Dist. LEXIS 200136, at *5 (E.D. Cal. Nov. 2, 2022); *Howell v. Liddell*, No. 2:19-cv-0578 TLN KJN P, 2020 U.S. Dist. LEXIS 33914, at *5 (E.D. Cal. Feb. 27, 2020); *Aaron & Andrew, Inc. v. Sears Holdings Mgmt. Corp.*, No. CV

14-1196 SS, 2017 U.S. Dist. LEXIS 180622, at *8 (C.D. Cal. Apr. 14, 2017); *Street v. ACC Enters., LLC*, No. 2:17-cv-00083-GMN-VCF, 2017 U.S. Dist. LEXIS 158412, at *3 (D. Nev. Sep. 26, 2017); *see also Tex. Partners v. Conrock Co.*, 685 F.2d 1116, 1119 (9th Cir. 1982) (discussing former Rule 56(e) and noting that parties "should be afforded reasonable access to potentially favorable information prior to the granting of summary judgment, because on summary judgment all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the summary judgment motion") (internal citations omitted); *United States v. 2366 San Pablo Ave.*, No. 13-cv-02027-JST, 2014 U.S. Dist. LEXIS 101520, at *8–9 (N.D. Cal. July 24, 2014) (denying a Rule 56(d) motion where discovery remained outstanding and noting that "the Court would be spinning its wheels by considering a summary judgment motion when the parties have not had time to develop an adequate factual record"); *Aliff v. Vervent Inc.*, No. 20-cv-697-DMS-AHG, 2022 U.S. Dist. LEXIS 150672, at *12 (S.D. Cal. Aug. 22, 2022) ("Even where a party does not make a separate motion under 56(d), substantially complying with the requirements of the rule by showing how particular discovery would defeat summary judgment and why specific facts are not yet available is enough for a party to successfully demonstrate that summary judgment is precluded.") (citing *TMJ Inc., v. Nippon Tr. Bank*, 16 F. App'x 795, 797 (9th Cir. 2001) (finding the district court abused its discretion in granting summary judgment where a party had "adequately complied with the requirements of Rule [56(d)].")).

This case has been pending for less than a year, largely due to the parties' agreement regarding the overlap between discovery in this case and the *Lien* case. But while discovery generally was stayed in light of the *Lien* case, limited discovery was permitted. Put simply, that limited discovery has not completed, as outstanding discovery disputes remain. Ninth Circuit precedent suggests that a pending discovery dispute may be sufficient to raise Rule 56(d) consideration. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987) (discussing former Rule 56(f)) (collecting cases).

Further, having reviewed Defendants' summary judgment motion, expressing no opinion on the merits of Plaintiffs' claims, the Court finds it would be inconsistent with the purpose of Rule 56 to allow Defendants to proceed with their motion until Plaintiffs have been afforded the opportunity to complete the discovery they were authorized to undertake. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (noting regarding prior Rule 56(f)'s provision providing "summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition"). As the Advisory Committee's notes to Rule 56 explain: "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56, Advisory Committee's Notes (2010 Amendments, Note to Subdivision (b)).

Therefore, upon due consideration, the Court **DENIES** Defendants' summary judgment **without prejudice**. Within <u>**seven (7) calendar days**</u> of the conclusion of discovery, including all disputes, Defendants must file a statement of position indicating whether they intend to revive the presently filed summary judgment motion or if they wish to file a new motion.

**IT IS SO ORDERED**.

Dated:  December 4, 2023

HON. MICHAEL M. ANELLO
United States District Judge