1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11   SUSAN SERNOFFSKY; LAUREN GAW;        Case No.:  3:23-cv-00039-MMA-VET
     DANIELLE RICHARDSON; and INDIGO
12   CURTIS,

13                              Plaintiffs,

14         v.                              **ORDER REGARDING
                                           DISCOVERY DISPUTE**
15   SAN DIEGO POLICE CAPTAIN MATT
16   NOVAK; SAN DIEGO POLICE
     LIEUTENANT RICK AGUILAR; SAN
17   DIEGO POLICE LIEUTENANT SCOTT;
18   and DOES 1–15,

19                              Defendants.

20

21         Before the Court is the parties' second discovery dispute concerning documents

22   bates stamped COSD000369–529 (the "Subject Documents"). The current dispute relates

23   to Defendants' confidentiality designations and certain remaining redactions within the

24   Subject Documents. Based on a review of the parties' submissions and *in camera* review

25   of the Subject Documents, the Court **SUSTAINS IN PART** Plaintiffs' objections to certain

26   confidentiality designations and redactions and **ORDERS** the production of the Subject

27   Documents as set forth below.

28

                                            1
                                                          3:23-cv-00039-MMA-VET

## I.     BACKGROUND

### A.     Plaintiffs' Claims

On January 9, 2021, Plaintiffs participated in a "counter-protest" to a "pro-Trump" protest march in San Diego, California (the "Protests"). Doc. No. 1. Plaintiffs allege that Defendants made an "unlawful assembly" announcement directed only at the "anti-Trump group," including Plaintiffs, and ordered them to disperse. *Id.* at ¶¶ 7–9. In contrast, Defendants purportedly allowed the "pro-Trump" group to continue marching for two hours, including allowing the group to chase and harass Plaintiffs. *Id.* at ¶¶ 14–15. In addition to a claim for Supervisory Liability under 42 U.S.C. § 1983, Plaintiffs assert First, Fourth, and Fourteenth Amendment claims for disparate policies and treatment of the "Anti-Trump" protestors (including Plaintiffs) compared to the "Pro-Trump" protestors. *Id.* at ¶¶ 94–104.

### B.     Limited Scope of Discovery

On June 16, 2023, the Court ordered limited discovery "pertaining to Defendant Novak's decision to declare unlawful assembly" during the Protests. Doc. No. 19. The Court stayed any remaining discovery, pending a ruling on any motion for summary judgment. *Id.* The Court limited discovery due to the substantial overlaps in discovery with *Lien, et al. v. City of San Diego, et al.*, Case No. 21-cv-224-MMA-WVG, a related case that resolved via summary judgment. Doc. No. 33 at 2.

### C.     Protective Order

On July 24, 2023, the Court entered a stipulated Protective Order. Doc. No. 21 ("PO"). The PO allows the parties to designate materials produced in response to discovery as either "Confidential" or "Restricted Confidential—Attorneys' Eyes Only" ("AEO"). *Id.* at 2. "Confidential" refers to: (i) any information contained within a peace officer personnel file; (ii) the name, address, phone, license number, photo or likeness of any witness or other person interviewed by the San Diego Police Department; (iii) the private financial information, including the social security number of any party or witness; (iv) the private medical information, including psychiatric or psychological information, of any party or

2

witness; (v) any other information deemed privileged or confidential pursuant to any State or Federal statute or regulation, or any court order; and (vi) anything that a party designates as such. *Id.* Information designated as "Confidential" may be disclosed only to certain categories of people, including, for example, the Court, counsel, parties, experts, individuals supporting the litigation such as court reporters and vendors, and mediators. *See id.* at 3–4 (listing each category). "Restricted Confidential—Attorneys' Eyes Only" refers to information that qualifies for protection under Federal Rule of Civil Procedure 26(c) and as "Confidential," but is "so sensitive that its dissemination deserves even further limitation." *See id.* at 2. Accordingly, access and disclosure of AEO information is limited to the same groups as "Confidential" information, except it may not be disclosed to "the individual parties and officers, directors and employees of any party." *Id.* at 4.

Those portions of a document containing confidential or AEO information may be redacted and/or designated as "Confidential" or "Restricted Confidential—Attorneys' Eyes Only" by stamping, typing, or designating the document(s) as such. *Id.* at 2. A party may object to a confidentiality designation and apply to the Court for an order re-designating such information. *Id.* at 6. The designating party has the burden of sustaining any confidentiality designation. *Id.*

**D.   Prior Discovery Dispute**

**1.   Initial Discovery Dispute–Redactions and Withheld Documents**

On August 3, 2023, the parties raised a discovery dispute with the assigned Magistrate Judge regarding Defendants' July 2023 document production. Doc. No. 22 at 1. The production had numerous redactions, including on documents designated as AEO, and Defendants also withheld attachments to responsive emails. Doc. No. 35 at 4–6. Defendants relied on the law enforcement/official information privilege and the right to privacy to support the redactions and withholding of documents. Defs.' Aug. 2023 Br. at Ex. A. Given Defendants use of the AEO designation and the safeguards provided by the PO, Plaintiffs argued that Defendants should produce documents unredacted and in their native format. Pls.' Aug. 2023 Br. at 2–3. Plaintiffs did not object to Defendants'

confidentiality designation on any specific document, and thus confidentiality designations were not before the Court as part of this initial discovery dispute. *See generally id.* at 2–3.

On September 29, 2023, following briefing and *in camera* review of the relevant documents, the assigned Magistrate Judge ordered Defendants to produce certain withheld documents and remove some, but not all, redactions. Doc. No. 33 ("Initial Discovery Order"). The Court concluded that the law enforcement privilege applied to the "Contingency Plan for Patriot March and Counter Protest January 9, 2021" (COSD000481–489), including prior drafts of the plan (*see, e.g.*, COSD000380, 415, 420, 441, and 444–445), (collectively, the "Contingency Plan") and the "Partriot March, January 9, 2021, After Action Report" (COSD000475–480) (hereinafter "After Action Report"). *Id.* at 6. The Court allowed certain redactions to remain in both the Contingency Plan and After Action Report. *Id.* at 6–7.

### 2. Rule 72 Objection and Order

On October 13, 2023, Plaintiffs objected to the Initial Discovery Order pursuant to Federal Rule of Civil Procedure 72. Doc. No. 35 ("Rule 72 Objection"). Plaintiffs argued, *inter alia*, that given the protections afforded by the AEO designations, Defendants could not also redact AEO-designated documents and withhold documents. *Id.* at 2. Plaintiffs took issue with specific redactions in the Contingency Plan (COSD000481–489), the After Action Report (COSD000475–480), witness information (COSD000371, 372, 400, 403, 404, 408, 409, and 411–412), and COSD000410. *Id.* at 4–6. Plaintiffs also objected to Defendants withholding email attachments titled "Patriot March 1-9-2021.docx." *Id.* at 5. Plaintiffs asked the District Judge to overrule the Initial Discovery Order and order production of all documents in "unredacted, native format, with all attachments." *Id.* at 6.

On December 4, 2023, the District Judge sustained Plaintiffs' Rule 72 objection "in its entirety." Doc. No. 42 at 5 ("Rule 72 Order"). The Court found that the correct legal standard for withholding information based on the law enforcement/official information privilege was a balancing test "moderately pre-weighted in favor of disclosure" and included considering whether a protective order could ameliorate harms from disclosure.

4

*Id.* at 4 (citing *Kelly v. City of San Jose*, 114 F.R.D. 653, 662 (N.D. Cal. 1987)). The Court did not issue findings regarding specific documents and instead directed the parties to meet and confer and schedule a discovery conference with the assigned Magistrate Judge. *See generally id.*

**E.** **Current Discovery Dispute Regarding Redactions and Confidentiality Designations**

The parties' current discovery dispute concerns remaining redactions and Defendants' confidentiality designations in the Subject Documents. In response to the Rule 72 Order, Defendants reproduced documents bates stamped COSD000369–529, including previously withheld attachments. *See* Defs.' Resp. Br., dated Feb. 26, 2024 ("Defs.' Br.") at Ex. A. In this updated production, Defendants removed some, but not all, redactions. Defendants also designated the Subject Documents as AEO except for the following: (i) documents COSD000371.001–.016 designated as "Confidential" and (ii) documents COSD000490–501, produced without any confidentiality designation.

On February 7, 2024, the Court held a Status Conference regarding the status of any remaining discovery disputes and any anticipated motion for summary judgment. Doc. No. 46. Plaintiffs indicated that discovery disputes still existed concerning remaining redactions in the Subject Documents and generally objected to Defendants' confidentiality designations. *See* Doc. No. 48. The Court ordered the parties to meet and confer and set a briefing schedule to address the remaining discovery disputes. *Id.* The parties timely lodged with the Court the required briefing.[1] In addition, organized as Exhibits 1–6, Plaintiffs lodged the Subject Documents for the Court's *in camera* review. At the Court's request, Defendants subsequently lodged unredacted versions of documents bates stamped COSD000380, 415–420, 441, 444, 445, 459–462 (with attachments).

---

[1] Following consultation with the parties, the Court ordered that briefing be lodged rather than publicly filed on CM/ECF given the confidentiality designations at issue.

5

## II.   LEGAL STANDARD

### A.   Confidentiality Designation Under Protective Order

"[I]t is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). As such, "the public is permitted access to litigation documents and information produced during discovery." *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 423 (9th Cir. 2011) (quoting *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1210). However, under Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c). It is clear from experience that pretrial discovery . . . has a significant potential for abuse."). Thus, "Rule 26(c) authorizes a district court to override this presumption [of access to discovery] where 'good cause' is shown." *Phillips ex rel. Estates of Byrd,* 307 F.3d at 1210.

"While courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *In re Roman Catholic Archbishop of Portland*, 661 F.3d at 417; *see also* PO. Blanket protective orders, such as the protective order in this case, "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). "Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation." *Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 214 F.R.D. 583, 586 (C.D. Cal. 2003) (quoting *Beckman Indus., Inc.*, 966 F.2d at 475).

When a party challenges a confidentiality designation, the court conducts a two-step analysis. *Harmon v. City of Santa Clara*, 323 F.R.D. 617, 623 (N.D. Cal. 2018); *see also Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-cv-04984, 2015 U.S. Dist. LEXIS 27803, at *6 (N.D. Cal. Mar. 6, 2015). "First, it must determine whether particularized harm will result from disclosure of the information to the public." *Todd*, 2015 U.S. Dist. LEXIS 27803, at *6 (quoting *In re Roman Catholic Archbishop of Portland*, 661 F.3d at 424). The party asserting good cause bears the burden, for each document it seeks to protect, of showing that specific prejudice or harm will result if the designation is removed. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). The party "cannot meet [its] burden with [b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Harmon*, 323 F.R.D. at 623 (internal quotations omitted).

"Second, if the court concludes that such harm will result from the disclosure of the discovery documents, then it must proceed to balance the public and private interest to decide whether maintaining" the confidentiality designation is appropriate. *Todd*, 2015 U.S. Dist. LEXIS 27803, at *6–7; *see also Phillips ex rel. Estates of Byrd*, 307 F.3d at 1211. This balancing test considers the following factors:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*In re Roman Catholic Archbishop of Portland*, 661 F.3d at 424 ("We have directed courts doing this balancing to consider the factors identified by the Third Circuit in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)."). "However, these factors are neither mandatory nor exhaustive," and, as such "the district court is best situated to determine what factors are relevant to the dispute." *Harmon*, 323 F.R.D. at 623 (quoting *Glenmede Trust Co.*, 56 F.3d at 483).

"Importantly, in a challenge to a confidentiality designation under a protective order, the burden of proof remains with the party seeking protection." *Id.* (internal quotations omitted) (quoting *In re Roman Catholic Archbishop of Portland*, 661 F.3d at 424).

## B.    Law Enforcement/Official Information Privilege

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "the scope of discovery includes 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care*, 322 F.R.D. 571, 583 (S.D. Cal. 2017) (quoting Fed. R. Civ. P. 26(b)(1)). "A party may withhold 'information otherwise discoverable by claiming that the information is privileged.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(5)).

"The federal law enforcement privilege is a qualified privilege designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement." *Al Otro Lado, Inc. v. Wolf*, No. 17-cv-2366, 2020 U.S. Dist. LEXIS 112345, at *8 (S.D. Cal. June 26, 2020) (quoting *Chinn v. Blankenship*, No. 09-5119, 2010 U.S. Dist. LEXIS 163836, at *17 (W.D. Wash. Feb. 26, 2010)); *see also Dousa v. United States Dep't of Homeland Sec.*, No. 19-cv-1255, 2019 U.S. Dist. LEXIS 204449, at *5 (S.D. Cal. Nov. 22, 2019). As such, "the law enforcement privilege aims to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Al Otro Lado, Inc.*, 2020 U.S. Dist. LEXIS 112345, at *8–9 (internal quotations omitted); *see also Perez v. United States*, No. 13-cv-1417, 2016 U.S. Dist. LEXIS 11036, at *6–7 (S.D. Cal. Jan 29, 2016). The "official information privilege" is another term used for the "law enforcement privilege." *Lien v. City of San Diego*, No. 21-cv-224, 2021 U.S. Dist. LEXIS 200221, at *3 (S.D. Cal. Oct. 18, 2021).

"In determining what level of protection should be afforded by this privilege, courts conduct a case-by-case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the

privilege." *Perez*, 2016 U.S. Dist. LEXIS 11036, at *7 (citing *Kelly*, 114 F.R.D. at 660); *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992). The balancing test considers numerous factors, including whether the existence of a protective order could ameliorate the asserted harm. *See Kelly*, 114 F.R.D. at 662–664, 666. "It is appropriate to conduct the balancing test for determining whether the law enforcement privilege applies with an eye towards disclosure." *Hemstreet v. Duncan*, No. CV-07-732, 2007 U.S. Dist. LEXIS 89702, at *4 (D. Or. Dec. 4, 2007). "When the records are both relevant and essential to the presentation of the case on the merits, the need for disclosure outweighs the need for secrecy, and the privilege is overcome." *Id.* (internal quotations omitted).

Moreover, in the context of civil rights cases, "the balancing test is 'moderately pre-weighted in favor of disclosure,' but 'the interests of law enforcement . . . and how much weight to ascribe to them can vary with both the kind of information in question and the situation in which it is being sought.'" *Dousa*, 2019 U.S. Dist. LEXIS 204449, at *5–6 (quoting *Kelly*, 114 F.R.D. at 661–662). "For example, law enforcement usually will have a much greater interest in preserving the confidentiality of names of citizen informants in on-going criminal investigations than in keeping secret the factual information provided by percipient witnesses to events that are long since past and about which there will be no prosecution or internal affairs follow-up." *Id.* (quoting *Kelly*, 114 F.R.D. at 662).

Before the Court conducts any balancing of interests, "the party asserting the privilege . . . must properly invoke the privilege by making a substantial threshold showing by submission of a declaration." *J.A.M. v. United States*, No. 22-cv-380, 2023 U.S. Dist. LEXIS 75412, at *9 (S.D. Cal. Apr. 28, 2023) (internal quotations omitted). Because Defendants have the burden of establishing that the privilege applies, they must put forth "competent evidence about how the specific requested disclosure would harm governmental interests." *Al Otro Lado, Inc.*, 2020 U.S. Dist. LEXIS 112345, at *9. This evidence should include a "'formal claim of privilege' by a responsible official, based on that official's personal consideration of the information, that describes with specificity both

the information to be protected and the harm that would ensue from its disclosure." *Id.* (citing *Wagafe v. Trump*, 334 F.R.D. 619, 623 (W.D. Wash. 2020)).

## III.   DISCUSSION

Plaintiffs challenge certain remaining redactions and Defendants' confidentiality designations in the Subject Documents. *See* Pls.' Disc. Conf. Br., dated Feb. 14, 2024 ("Pls.' Br.") at 3–5. In addition to arguing that the Subject Documents do not contain confidential information, Plaintiffs complain of the "additional procedural challenges and time constraints" associated with having to file such information under seal if the designations stand. *Id.* at 3, 5. Plaintiffs ask the Court to order Defendants to remove all AEO designations in the Subject Documents, excluding personal information that can be considered confidential, and remove all redactions pursuant to the Court's Rule 72 Order. *See id.* at 5. However, the Court notes that in discussing the Subject Documents, Plaintiffs do not, in fact, expressly challenge *all* the remaining redactions. *See, e.g.*, *id.* at 3–4 (discussing Exhibit 1 but making no reference to any redactions therein). In another instance, Plaintiffs challenge a confidentiality designation, but also indicate that redacted information might be highly confidential, but still, redactions are improper. *Id.* at 4 (discussing Exs. 3–5). In short, Plaintiffs are unclear concerning the relief they seek regarding each document at issue.

In response, Defendants lodged a response brief with supporting declarations, a chart outlining documents produced in response to the Rule 72 Order ("Defs.' Ex. A"), and a chart outlining their confidentiality designations and the bases for the designations ("Defs.' Ex. D"). *See generally* Defs.' Br. Defendants contend that they fully complied with the Rule 72 Order. *Id.* Furthermore, Defendants argue that the law enforcement and official information privileges support the confidentiality designations attached to the Subject Documents and rely on the right of privacy as a basis for many remaining redactions. *Id.* at 4–9. The supporting declaration of Captain Matt Novak, an employee of the San Diego Police Department ("SDPD"), explains that he personally reviewed all documents referenced therein and describes why he believes confidentiality designations/redactions

are necessary and/or appropriate. *See generally* Decl. of Matt Novak ISO Defs.' Br., dated Feb. 26, 2024 ("Novak Decl.").

For ease of reference, the Court addresses the designations and redactions at issue with respect to each Exhibit submitted for *in camera* review.

### A.    Exhibit 1 – COSD000369–379

Exhibit 1 consists of internal SDPD email communications, screenshots of public social media postings, and SDPD email communications with members of the public. Plaintiffs do not expressly challenge any of the redactions remaining in Exhibit 1. Pls.' Br. at 3–4. Instead, Plaintiffs challenge Defendants' AEO and Confidential designations and seek production of Exhibit 1 without any confidentiality designations.

**1.    COSD000369–370**: This is an internal SDPD email communication concerning preparations for the Protests. Defendants designated the email AEO because it purportedly contains sensitive information regarding government investigations, including protest planning, and identifies a police detective within the Criminal Intelligence Unit ("CIU"). Novak Decl. at ¶¶ 11–12. Per Defendants, public disclosure, including to Plaintiffs, would undermine SDPD's investigatory techniques and ability to plan for future events, endangering the safety of law enforcement and the public. *Id.*; Defs.' Ex. D at 1. Defendants redacted the detective's cell phone number for officer safety. Plaintiffs argue that given the redaction, no confidential designation is necessary. Pls.' Br. at 3.

SDPD's discussion of preparations for the Protests and intelligence collected relating to same constitutes sensitive law enforcement information, and thus the Court agrees that public disclosure risks undermining SDPD's investigatory techniques and the safety of law enforcement personnel. Accordingly, Defendants' interest in maintaining investigation preparations confidential outweighs Plaintiffs' requests for convenience and efficiency. However, with one exception, a "Confidential" designation will adequately protect the information. No good cause exists for the restrictive AEO designation as the Protests occurred over three years ago and the email includes only a generalized discussion of the planned Protests, without specific details concerning SDPD preparations for same.

The exception noted above relates to the identity of a referenced CIU officer. The Court agrees with Defendants that protecting the identity of certain law enforcement personnel working within the CIU, including officers working undercover both during and after the Protests, is necessary for officer safety and to protect the integrity of SDPD's undercover operations. *See* Novak Decl. at ¶¶ 6 (describing purpose and activities of CIU and detailing undercover work by CIU officers), 12.

Accordingly, Defendants shall remove the AEO designation and produce **COSD000369–370** with a "Confidential" designation, with the existing, unchallenged redaction of the detective's cell phone number on **COSD000370**. To the extent the information appears in **COSD000369–370**, Defendants may redact the name, email address, and signature block of the officer expressly identified as a CIU officer.

**2.**      **COSD000371–374**: This is an internal SDPD email communication regarding information provided by a private witness concerning the Protests. Defendants attach the AEO designation to protect the identity of an officer in the CIU and the privacy rights of the witness and other citizens. Defs.' Ex. D at 1–2. On COSD000373, Defendants redact the name and contact information of the witness. Plaintiffs argue that "[w]hile the names could perhaps be considered confidential, the rest of the content of the emails should not be." Pls.' Br. at 3–4. Defendants agree to remove any confidentiality designation, subject to redactions of witness names, contact information, other identifying information, and a sentence identifying a CIU officer. Defs.' Ex. D at 1–2.

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Stuart v. Cnty. of Riverside*, No. 22-cv-701, 2023 U.S. Dist. LEXIS 132737, at *5 (C.D. Cal June 15, 2023) (quoting *Keith H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005)). "[R]esolution of a privacy objection . . . requires a balancing of the need for the information sought against the privacy right asserted." *Id.* "[P]rivacy objections can be appropriately addressed by: (1) redacting any personal identifying information from the documents produced; and

(2) producing documents under a protective order to minimize any invasion into the individuals [sic] privacy rights." *Id.* at 5–6 (citing *Foltz*, 331 F.3d at 1137).

The Court finds that Plaintiffs' interest and the public's interest in allowing full discovery in civil rights claims outweighs a witness' privacy interest. "[P]rivacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments." *Lua v. McNett*, No. 23-cv-32, 2024 U.S. Dist. LEXIS 58338, at *13 (S.D. Cal. Mar. 29, 2024) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995)). Further, "[c]ourts should be less solicitous of finding a significant privacy interest in keeping secret the names of witnesses providing factual information about events which are no longer the subject of investigation or prosecution." *Soto*, 162 F.R.D. at 621.

Here, the privacy interests of a witness concerning events from 2021 that are not part of any ongoing investigation are low. Nor is there any evidence that the witness' safety is at risk if anonymity is lost or that the witness took any steps to maintain any anonymity. *See id.* ("a citizen who makes a complaint is not analogous to a confidential informant whose safety may be at risk if anonymity is lost"). In contrast, Plaintiffs have substantial need for the identity of witnesses, who would provide relevant information concerning the events that form the basis for Plaintiffs' claims and would allow Plaintiffs to develop declarants and trial witnesses with potentially admissible evidence. Therefore, the Court finds that redaction of the witness' name is not warranted and shall be produced with a "Confidential" designation to address privacy concerns. However, Plaintiffs have no need for sensitive personal identifying information that may be found in the document, including date of birth, social security number, address, phone number, email address, etc., as such information is not relevant to Plaintiffs' claims and does not otherwise impact the substance of the documents. *See, e.g.*, *Robinson v. Adams*, No. 08-cv-01380, 2012 U.S. Dist. LEXIS 36028, at *7 (E.D. Cal. Mar. 15, 2012) ("personal identifying information, such as Social Security Numbers, date of birth, address, etc. of individuals, is not relevant to Plaintiff's

claims in this action, and this information can be redacted without affecting the substance of the information included in the documents").

Concerning the AEO designation, the Court disagrees that the entirety of this communication merits such a designation. As indicated previously, any privacy interest is low, and Defendants concede that much of this email may be de-designated. Defs' Ex. D at 1–2. Still, the Court agrees with Defendants that protecting the identity of certain law enforcement personnel working within the CIU, including officers working undercover both during and after the Protests, is necessary for officer safety and to protect the integrity of SDPD's undercover operations. *See* Novak Decl. at ¶ 6 (describing purpose and activities of CIU and detailing undercover work by CIU officers).

Accordingly, Defendants shall remove all remaining redactions from **COSD000371–374**, **except** Defendants shall redact (i) the following personal identifying information of witnesses: date of birth, social security number, address, phone number, and email address; and (ii) the clause identifying a CIU officer on **COSD000372**. In addition, Defendants shall remove the AEO designation and produce **COSD000371–374** with a "Confidential" designation to protect the privacy interests of any witness identified therein.

**3.    COSD000371.001–.016:** The document contains no redactions. Defendants agree to remove all confidentiality designations. Defs.' Ex. D at 2. Accordingly, Defendants shall produce **COSD000371.001–.016** without any confidentiality designations or redactions.

**4.    COSD000375–377**: This is an SDPD internal email communication regarding arrests at the Protests with an "arrest log" attached (hereinafter "Arrest Log"). The Arrest Log includes the names of arrestees with dates of birth and does not appear to be a formal arrest record. The document is not redacted and is designated AEO. Defendants argue the email must remain AEO, or alternatively, redaction of names and dates of birth on the Arrest Log is necessary to protect the privacy rights of the arrested individuals.

The Court agrees that public disclosure would violate the privacy interests of unrelated third parties, who have an interest in limiting disclosure of an arrest log which is

not publicly available and may cause embarrassment or humiliation. However, this privacy interest supports a "Confidential" designation. The Court does not find good cause for the more restrictive AEO designation as no evidence is offered suggesting that disclosure of this information to the parties will result in any particularized harm to the third parties or anyone else. *See* Novak Decl. at ¶ 14 (discussing only general privacy rights). In contrast, Plaintiffs have substantial need for the identity of witnesses with relevant information concerning the events that form the basis for Plaintiffs' claims and would allow Plaintiffs to develop declarants and trial witnesses with potentially admissible evidence. Therefore, the Court finds that redaction of the arrestees' name is not warranted and the email with the Arrest Log shall be produced with a "Confidential" designation to address privacy concerns. *See, e.g.*, *Perrin v. Cnty. of Riverside*, No. EDCV 08-595, 2010 U.S. Dist. LEXIS 153728, at *6 (C.D. Cal. July 22, 2010) (ordering disclosure of crime and arrest reports where articulated need for this information outweighed the privacy right asserted and privacy concerns could be addressed in a properly crafted protective order). Further, Plaintiffs have no need for dates of birth, which are sensitive personal identifying information not relevant to Plaintiffs' claims and do not otherwise impact the substance of the Arrest Log.

Accordingly, Defendants shall remove the AEO designation, redact dates of birth on the Arrest Log, and produce **COSD000375–377** with a "Confidential" designation.

**5.**    **COSD000378–379**: The document contains no redactions. Defendants agree to remove all confidentiality designations. Defs.' Ex. D at 2. Accordingly, Defendants shall produce **COSD000378–379** without any confidentiality designations or redactions.

**B.**    **Exhibit 2 – COSD000380–414**

Exhibit 2 consists of internal SDPD emails regarding preparations for the Protests, SDPD planning documents for the Protests, internal SDPD emails after the Protests, and email communications from private citizens regarding the Protests. All documents are designated AEO with certain information redacted.

3:23-cv-00039-MMA-VET

Plaintiffs challenge all the confidentiality designations in Exhibit 2, arguing that public disclosure is warranted because "Plaintiffs will have to go through the process of conditionally filing under seal their opposition to the City's summary judgment motion, just to discuss this non-confidential information." Pls.' Br. at 4. Plaintiffs also argue that "[t]here may be information that is redacted that could be considered highly confidential, attorneys' eyes only, but the redactions are improper." *Id.* Defendants respond that the AEO designations and redactions are proper due to law enforcement privilege and privacy rights but agree to de-designate some documents. Defs.' Ex. D at 2–3.

**1.     COSD000380; COSD380.001–.009**: This is an internal SDPD email attaching a draft of the Contingency Plan. Defendants attach the AEO designation to the email and Contingency Plan based on privacy concerns and the law enforcement privilege.

### a.     AEO designation is proper for attachments COSD000380.001–.009

Based on the declaration of Captain Novak, the Court concludes that Defendants demonstrate the particularized harm that will result from disclosure of the Contingency Plan, including drafts, and as such, the AEO designation on the Contingency Plan is warranted. *In re Roman Catholic Archbishop of Portland*, 661 F.3d at 424. Defendants articulate institutional concerns and risks that indiscriminate public disclosure poses to police department operations and investigation efforts and officer safety. *See* Novak Decl. at ¶¶ 5–7. Specifically, based on an *in camera* review, the Contingency Plan consists of highly sensitive law enforcement techniques and procedures such as the number and locations of officers, including undercover officers, monitoring tasks, identities of officers, and deployment schedule and techniques. As such, the Court agrees that disclosure "would undermine important SDPD investigatory procedures and techniques and seriously impair SDPD's ability to conduct future investigations and plan for events, thereby endangering the safety of law enforcement personnel as well as San Diego residents." Defs.' Br. at 7.

Furthermore, Defendants demonstrate why disclosure should be limited further to Plaintiffs' counsel. Defs.' Br. at 4–5. Defendants submitted evidence showing that, unrelated to the present case, certain named plaintiffs had interactions with police officers

16

in the past that resulted in criminal charges, including willful resistance of public/executive officers, and, in one instance, involved threats or violence. *Id.* at 4. One court issued a stay-away order as to Imperial Beach sheriffs and their station against one named plaintiff, and a second court issued a protective order, prohibiting that a copy of body-worn footage be provided to another named plaintiff. *See id.*; *see also* Defs.' Exs. B, C. Based thereon, Defendants argue that providing information regarding highly sensitive law enforcement techniques and procedures to Plaintiffs could endanger the safety of officers and compromise planning and safe execution of police presence at future protests. *Id.* at 4–5. Given the record before it, the Court agrees. Further, other than generally arguing that no confidentiality designation should attach, Plaintiffs do not argue that an AEO designation frustrates the ability of Plaintiffs' counsel to communicate with Plaintiffs or otherwise investigate the case. Nor do Plaintiffs argue that they each require access to the Contingency Plan specifically to prosecute their case.

On balance, Defendants' substantial interests in maintaining the AEO designation on the Contingency Plan outweighs Plaintiffs' inconvenience in pursuing an action using confidential documents. Therefore, the Court finds that the AEO designation on the Contingency Plan is appropriate.

Lastly, separate from the attached Contingency Plan, the body of the email contains no substantive content and as such does not warrant any confidentiality designation. Defendants seem to agree given their agreement to de-designate an email that similarly has no substantive content but attaches copies of otherwise sensitive information. *See* Defs.' Ex. D at 6 (agreeing to de-designate email itself, bates stamped COSD000473).

### b.   An AEO Designation Diminishes the Need for Redactions

The parties' submissions concerning remaining redactions on COSD000380.001–.009 differ. The version of COSD000380.001–.009 submitted by Plaintiffs for *in camera* review shows extensive redactions relating to the area of responsibility, staging areas, schedule, etc. as well redactions of identifying information for certain police officers. In

17

contrast, Defendants represent that the only remaining redactions relate to the names of CIU officers and officers' cell phone numbers. Defs.' Ex. A at 1–2.

The Court finds that the AEO designation mitigates Defendants' need to redact information based on privacy concerns or the law enforcement privilege. To the extent any redactions remain in COSD000380.001–.009, Defendants shall remove all remaining redactions with two exceptions. First, Plaintiffs have no need for personal identifying information such as officers' cell phone numbers. And because redacting cell phone numbers does not affect the substance of the information in the Contingency Plan, Defendants may redact this information.

Second, the Court finds that Defendants' have a compelling need to protect the identity of law enforcement personnel working undercover within the CIU during the Protests. *See* Novak Decl. at ¶ 6 (describing purpose of CIU and detailing undercover work by CIU officers). Therefore, to the extent officers listed as part of the CIU on COSD000380-004 were working undercover during the Protests, Defendants may redact their names to protect their safety.

Accordingly, based on the foregoing, Defendants (i) shall produce **COSD000380** without any confidentiality designation; (ii) shall produce **COSD380.001–.009** with an AEO designation; and (iii) shall remove all remaining redactions in **COSD380.001–.009, except** Defendants may redact the names of undercover CIU officers and officers' cell phone numbers.

**2.** **COSD000381–385**: These documents contain no redactions. Defendants agree to remove all confidentiality designations. Defs.' Ex. D at 3. Accordingly, Defendants shall produce **COSD000381–385** without any confidentiality designations or redactions.

**3.** **COSD000386–393**: This is part of the same email chain as COSD000369–370. Accordingly, for the same reasons, Defendants shall remove the AEO designation and produce **COSD000386–393** with a "Confidential" designation. However, because officers' cell phone numbers are neither relevant to Plaintiffs' claims nor affect the substance of the

18

document, Defendants may redact the officers' cell phone numbers on **COSD000388–390**. To the extent the information appears in **COSD000387-393**, Defendants may redact the name, email address, and signature block of the officer expressly identified as a CIU officer.

      **4.** **COSD000394–395**: This is part of the same email chain as COSD000375 and Defendants agree to remove all confidentiality designations. Defs.' Ex. D at 3. Hence, Defendants shall produce **COSD000394–395** without any confidentiality designations.

      **5.** **COSD000396**: This is an internal SDPD email communication about the protests. This is designated AEO, with a private citizen's identifying information redacted. Plaintiffs argue that the document is not confidential, and redactions are improper. Defendants agree to de-designate the document with a redaction of the private citizen's identifying information to preserve the citizen's privacy rights. Defs.' Ex. D at 3. For the same reasons discussed in connection with COSD000371–374, the Court orders as follows: Defendants (i) shall remove all remaining redactions from **COSD000396**, **except** Defendants shall redact the witness' phone number and address; and (ii) shall remove the AEO designation and produce **COSD000396** with a "Confidential" designation to protect the privacy interests of any witness identified therein.

      **6.** **COSD000397–406**: This is an email chain that includes COSD000371–374 and conveys the same type of information. Accordingly, for the same reasons set forth regarding COSD000371–374, Defendants shall remove all remaining redactions from **COSD000397–406**, **except** Defendants shall redact (i) the following personal identifying information of witnesses: date of birth, social security number, address, phone number, and email address; and (ii) the clause identifying a CIU officer on **COSD000399**. In addition, Defendants shall remove the AEO designation and produce **COSD000397–406** with a "Confidential" designation.

      **7.** **COSD000407**: This is an email communication from a private citizen to SDPD regarding the Protests. This is designated AEO with the name and email address of a private witness redacted. Plaintiffs argue that nothing in this document as presented

should be considered confidential. Pls.' Br. at 4. Other than a general privacy interest, Defendants fail to identify any particularized harm or safety risk that may result from disclosing to Plaintiffs the names of witnesses and citizens involved, participating, or otherwise reporting on the Protests and thus offer no basis to support the restrictive AEO designation. Defs.' Ex. D at 1–2, 3. Further, Plaintiffs have substantial need for the identity of witnesses, who would provide relevant information concerning the events that form the basis for Plaintiffs' claims. The Court therefore finds that Plaintiffs' need for this information and the public interest in disclosure outweighs the privacy rights asserted. Accordingly, Defendants shall remove all remaining redactions from **COSD000407**, **except** Defendants shall redact the witness' phone number and email address as such personal identifying information is not relevant to Plaintiffs' claims. In addition, Defendants shall remove the AEO designation and produce **COSD000407** with a "Confidential" designation to protect the privacy interests of any witness identified therein.

     **8.**    **COSD000408–413**: This is a series of SDPD email communications forwarding emails from a private citizen to SDPD regarding another private individual's actions at the Protests; the private citizen is not identified by name as he or she wishes to remain anonymous. The document is designated AEO with names and an email address redacted. While the private citizen wishes to remain anonymous, the privacy interests of a witness concerning events from 2021 that are not part of any ongoing investigation and who is not identified by name are low. Further, Plaintiffs have substantial need for the identity of witnesses, who would provide relevant information concerning the events that form the basis for Plaintiffs' claims. And other than a general privacy interest, Defendants fail to identify any particularized harm or safety risk that may result from disclosing to Plaintiffs the names of witnesses and citizens involved, participating, or otherwise reporting on the Protests and thus offer no basis to support the restrictive AEO designation. Accordingly, the Court finds that any purported privacy interest does not outweigh the public interest in disclosure and Plaintiffs' need for this information. Defendants shall remove all remaining redactions from **COSD000408–413**, **except** Defendants shall redact

any witness' phone number and email address as such personal identifying information is not relevant to Plaintiffs' claims. In addition, Defendants shall remove the AEO designation and produce **COSD000408–413** with a "Confidential" designation to protect the privacy interests of any witness identified therein.

9. **COSD000414**: COSD000414 is an email regarding police preparations for the Protests. Defendants agree to remove any confidentiality designation if the existing redactions remain. Based on an *in camera* of the document, the existing redactions are appropriate. The redacted information concerns residential information for members of Congress, which is both private and irrelevant to Plaintiffs' claims. Further, the Court agrees with Defendants that disclosure of such information "would endanger these political figures as well as the officers protecting them." Novak Decl. at ¶ 20. Here, redacting personal identifying information of Congressmembers would protect privacy concerns while allowing public disclosure of the document. Accordingly, Defendants shall produce **COSD000414** with the current redactions and remove all confidentiality designations.

C. **Exhibit 3 – COSD000415–439**

Exhibit 3 consists of draft versions of the Contingency Plan, "Call for Service" logs, dated January 9, 2021, and an SDPD monthly update for January 2021. The documents are all designated AEO and redactions remain on the Contingency Plan drafts. Plaintiffs challenge the confidentiality designations and argue any redactions are improper. Pls.' Br. at 4.

1. **COSD000415–420 (including attachments 415.001–.009, 416.001–.009, 417.001–.009, 418.001–.010, 419.001–.010, and 420.001–.009)**: These are emails with draft versions of the Contingency Plan attached. The body of the emails have no substantive content. For the same reasons articulated above regarding an internal SDPD email communication with an attached Contingency Plan, *see supra* Section III.B.1., the Court orders as follows: Defendants (i) shall produce the emails (excluding attachments) at **COSD000415–420** without any confidentiality designation; (ii) shall produce the attached Contingency Plans at **COSD000415.001–.009, 416.001–.009, 417.001–.009, 418.001–**

21

**.010, 419.001–.010, and 420.001–.009** with an AEO designation; and (iii) shall remove all remaining redactions in **COSD000415.001–.009, 416.001–.009, 417.001–.009, 418.001–.010, 419.001–.010, and 420.001–.009, except** Defendants may redact the names of undercover CIU officers and officers' cell phone numbers.

2.    **COSD000421–435**: These documents are the "Call for Service" logs, dated January 9, 2021, produced unredacted with an AEO designation. Because the logs include the names of private citizen callers, Defendants argue that the AEO designation is necessary based on the citizens' privacy rights. Novak Decl. at ¶ 15; Defs.' Ex. D at 5.

The Court disagrees. The privacy interests of citizen callers concerning events from 2021 is low. And while privacy concerns may support a confidential designation, Defendants do not show that this information is so sensitive that its dissemination deserves even further limitation, particularly in the absence of any showing of a particularized harm or safety risk resulting from disclosing the names of citizen callers to Plaintiffs. Further, Plaintiffs have substantial need for the identity of witnesses, who would provide relevant information concerning the events that form the basis for Plaintiffs' claims. The Court therefore finds that any purported privacy interest does not outweigh the public interest in disclosure and Plaintiffs' need for this information. Defendants shall remove the AEO designation and all redactions and produce **COSD000421–435** with a "Confidential" designation to protect the privacy interests of citizen callers identified therein.

3.    **COSD000436–439**: These documents are unredacted and Defendants agree to remove all confidentiality designations. Defs.' Ex. D at 5. Accordingly, Defendants shall produce **COSD000436–439** without any confidentiality designations or redactions.

D.    **Exhibit 4 – COSD000440–472**

Exhibit 4 consists of Contingency Plan drafts, internal SDPD emails, and email communications between SDPD and members of the public. The documents are all designated AEO, and redactions remain on the Contingency Plans and one internal SDPD email. Plaintiffs challenge the confidentiality designations and argue any redactions are improper. Pls.' Br. at 4.

**1.** **COSD000440, 442–443, 446–449, 450–458, 463, 465–472**: These documents are unredacted and Defendants agree to remove all confidentiality designations. Defs.' Ex. D at 5–6. Accordingly, Defendants shall produce **COSD000440, 442–443, 446–449, 450–458, 463, and 465–472** without any confidentiality designations.

**2.** **COSD000441, 444, 445, 459–462, including attachments 441.001–.009, 444.001–.009, 445.001–.009, 459.001–.009, 460.001–.009, 461.001–.009, and 462.001–.009**: These are emails with drafts of the Contingency Plan attached. Separate from their attachments, the body of the emails contain little to no substantive content. The single email with some content, **COSD000441**, includes no sensitive information, such as law enforcement techniques, operations, or preparations for the Protests. Accordingly, for the same reasons articulated above regarding an email with a Contingency Plan attached, *see supra* Section III.B.1, the Court orders as follows: Defendants (i) shall produce the emails (excluding attachments) at **COSD000441, 444, 445, 459–462** without any confidentiality designation; (ii) shall produce the attached Contingency Plans at **COSD000441.001–.009, 444.001–.009, 445.001–.009, 459.001–.009, 460.001–.009, 461.001–.009, and 462.001–.009** with an AEO designation; and (iii) shall remove all remaining redactions in **COSD000441.001–.009, 444.001–.009, 445.001–.009, 459.001–.009, 460.001–.009, 461.001–.009, and 462.001–.009, except** Defendants may redact the names of undercover CIU officers and officers' cell phone numbers.

**3.** **COSD000464**: This is an internal SDPD email seeking an update concerning an individual police officer, with a reference to work he was doing regarding the Protests. Defendants attach an AEO designation and redact unrelated and private information concerning two referenced police officers. Defendants agree to de-designate the email if existing redactions regarding the officers' private information remain. Defs.' Ex. D at 6.

Based on an *in camera* review, the Court agrees that the redactions concerning the private and personal information of the referenced police officers are appropriate. The information redacted is irrelevant to Plaintiffs' claims and disclosure would constitute an unnecessary invasion of the officers' privacy. Accordingly, Defendants shall remove the

23

AEO designation and produce **COSD000464** without any confidentiality designation or redactions, **except** Defendant may keep redactions relating to the private and personal information of the referenced police officers.

**E.**      **Exhibit 5 – COSD000473–489**

Exhibit 5 includes internal SDPD email communications, the After Action Report, and a final version of the Contingency Plan. Plaintiff challenges all confidentiality designations and redactions. Pls.' Br. at 4.

**1.**      **COSD000473–474**: These are unredacted emails (without attachments) and Defendants agree to remove the confidentiality designation as to the emails themselves. The Court addresses any attachments below. Accordingly, Defendants shall produce **COSD000473–474** without any confidentiality designations.

**2.**      **COSD000475–480**: This is a redacted version of the After Action Report, with certain information highlighted. Based on the law enforcement privilege, Defendants designated all pages AEO, with redactions remaining on COSD000475 and 479. Defs.' Br. at 6.

**a.**      **Confidential Designation on After Action Report is Appropriate**

Defendants argue that the After Action Report consists of "highly sensitive law enforcement techniques and procedures, the disclosure of which would undermine important SDPD investigatory procedures and techniques and seriously impair SDPD's ability to conduct future investigations and plan for events, thereby endangering the safety of law enforcement personnel as well as San Diego residents." Defs.' Br. at 7. Captain Novak echoes these concerns and further states that disclosure to civil litigants would discourage law enforcement personnel from keeping these records. *See* Novak Decl. at ¶¶ 8–10. The Court finds that while such concerns and risks may support designating the After Action Report as "Confidential," they fall short of supporting the restrictive AEO designation given the information actually contained in the After Action Report.

Based on an *in camera review*, the After Action Report is in essence an account of the events that unfolded during the Protests. It describes the conduct of protestors and

police, the movement of police units in response to the unfolding events, arrests made, certain intelligence collected by CIU concerning the Protests, and identifies officers by name, including injuries experienced by certain officers. Thus, in sharp contrast to the Contingency Plan, which laid out law enforcement techniques/planned operations and how SDPD prepares in response to an upcoming political event/protest, the After Action Report describes events and conduct that already occurred in the public realm. Further, it is not apparent why access to the After Action Report should be limited to Plaintiffs' counsel. While Plaintiffs may have had "contentious" interactions with police, there is no apparent risk is disclosing to Plaintiffs a document that describes events that *occurred in public over three years ago*. Moreover, such information is critical to prosecuting Plaintiffs' claims.

Still, the Court recognizes that the After Action Report does contain information collected by the CIU regarding the Protests and identifies officers by name and the names of particular police units.  Therefore, in balancing Plaintiffs' need for this information, the public's interest in disclosure, witness/arrestees' privacy interests, and the need to protect the identity of officers and the names of specific police units, the Court finds that a "Confidential" designation is warranted.

### b.   Confidential Designation Reduces Need for Certain Redactions

Based on Plaintiffs' submission, it appears that redactions remain on COSD000475 and COSD000479 in the After Action Report. COSD000475 contains redactions of (a) the name of a private citizen, (b) the radio frequencies used by officers, and (c) a meeting location for certain deployment teams. COSD000479 has redactions of case numbers. Other than radio frequencies, the information redacted is relevant to Plaintiffs' claims and should be disclosed. Moreover, Defendants fail to explain how the disclosure of case numbers, which are not associated with any individual identified by name, physical description (besides a reference to "juvenile"), or other personal identifying information, constitutes an invasion of privacy that requires redaction. Thus, the Court finds that the "Confidential" designation adequately protects the privacy interests of any individuals

named or referenced in the After Action Report and adequately protects any potentially sensitive law enforcement information, *i.e.*, the meeting location of a police unit.

Accordingly, Defendants (i) shall remove the AEO designation and all remaining redactions in **COSD000475–480, except** Defendants may redact the radio frequencies reflected on **COSD000475**, and (ii) shall produce **COSD000475–480** with a "Confidential" designation.

**3.**   **COSD000481–489**: This is the final version of the Contingency Plan. For the same reasons articulated above regarding the Contingency Plan, *see supra* Section III.B.1., the Court orders as follows: Defendants shall produce **COSD000481–489** with an AEO designation and remove all remaining redactions, **except** Defendants may redact the names of undercover CIU officers and officers' cell phone numbers.

**F.**   **Exhibit 6 – COSD000490–529**

Exhibit 6 includes news articles, arrest reports, officer reports, and Vice Unit Investigator reports. Plaintiff challenges all confidentiality designations. Pls.' Br. at 5.

**1.**   **COSD000490–501**: Defendants represent that they already produced unredacted, non-confidential versions of these documents to Plaintiffs. Defs.' Ex. D at 8. Accordingly, these documents are not at issue.

**2.**   **COSD000502–529**: These are arrest reports and Vice Unit Investigator reports from January 9, 2021, documenting the arrests during the Protests and interviews of three individuals (collectively, the "Arrest Records"). Defendants attach the AEO designation because these reports purportedly contain confidential information that includes law enforcement techniques and procedure. Novak Decl. at ¶ 18. According to Captain Novak, disclosure would endanger law enforcement personnel, impair their ability to conduct investigations, and undermine the privacy of the suspects and violate their privacy rights. *Id.* Additionally, Defendants redact certain personal identifying information, including the names of arrestees/suspects, addresses, dates of birth, etc. Plaintiffs argue that because the names and identifying information are redacted, the documents should not be considered confidential. Pls.' Br. at 5.

The Court agrees that public disclosure would violate the privacy interests of third parties, who have an interest in limiting disclosure of their arrest records, the disclosure of which may cause embarrassment or humiliation. However, based on an *in camera* review, the Court is not persuaded that the documents disclose law enforcement techniques/procedures or other information, *i.e.*, an ongoing investigation or prosecution, so sensitive that the restrictive AEO designation is warranted. At most, the Arrest Records reflect how SDPD processes an individual following arrest, which is evident to any person that is arrested.

The Arrest Records do document the circumstances leading to and surrounding the individuals' arrests during the Protests and information conveyed by the arrestees in interviews. Plaintiffs have substantial need for this information, as the Arrest Records not only identify witnesses, but provide information that enables them to investigate the events at issue. Therefore, in balancing Plaintiffs' need for this information, the privacy rights of the third parties, and any sensitivity concerning SDPD's arresting procedures (to the extent reflected in the Arrest Records), the Court finds that a "Confidential" designation is appropriate. *See, e.g.*, *Perrin*, 2010 U.S. Dist. LEXIS 153728, at *6. Still, Plaintiffs have no need for personal identifying information that is not relevant to Plaintiffs' claims and does not otherwise impact the substance of the Arrest Records.

Accordingly, the Court orders as follows: Defendants (i) shall remove the AEO designation and all remaining redactions in **COSD000502–529**, **except** Defendants shall redact the following personal identifying information: date of birth, social security number, address, phone number, email address, driver's license number, and place of birth; and (ii) shall produce **COSD000502–529** with a "Confidential" designation.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

1.      Defendant shall **PRODUCE** the Subject Documents by no later than **July 5, 2024** as follows:

27

a.     **COSD000369–370**: Defendants shall remove the AEO designation and produce **COSD000369–370** with a "Confidential" designation, with the existing, unchallenged redaction of the detective's cell phone number on **COSD000370**. To the extent the information appears in **COSD000369–370**, Defendants may redact the name, email address, and signature block of the officer expressly identified as a CIU officer.

b.     **COSD000371–374**: Defendants shall remove all remaining redactions from **COSD000371–374**, **except** Defendants shall redact (i) the following personal identifying information of witnesses: date of birth, social security number, address, phone number, and email address; and (ii) the clause identifying a CIU officer on **COSD000372**. In addition, Defendants shall remove the AEO designation and produce **COSD000371–374** with a "Confidential" designation.

c.     **COSD000371.001–.016**: Defendants shall produce **COSD000371.001–0.16** without any confidentiality designations or redactions.

d.     **COSD000375–377**: Defendants shall remove the AEO designation, redact dates of birth on the Arrest Log, and produce **COSD000375–377** with a "Confidential" designation.

e.     **COSD000378–379**: Defendants shall produce **COSD000378–379** without any confidentiality designations or redactions.

f.     **COSD000380;   COSD380.001–.009**: Defendants (i) shall produce **COSD000380** without any confidentiality designation; (ii) shall produce **COSD380.001–.009** with an AEO designation; and (iii) shall remove all remaining redactions in **COSD380.001–.009, except** Defendants may redact the names of undercover CIU officers and officers' cell phone numbers.

g.     **COSD000381–385**: Defendants shall produce **COSD000381–385** without any confidentiality designations or redactions.

h.     **COSD000386–393**: Defendants shall remove the AEO designation and produce **COSD000386–393** with a "Confidential" designation. Defendants may redact the officers' cell phone numbers on **COSD000388–390**. To the extent the information appears

28

in **COSD000387-393**, Defendants may redact the name, email address, and signature block of the officer expressly identified as a CIU officer.

       i.    **COSD000394–395**: Defendants shall produce **COSD000394–395** without any confidentiality designations.

       j.    **COSD000396**: Defendants (i) shall remove all remaining redactions from **COSD000396**, **except** Defendants shall redact the witness' phone number and address; and (ii) shall remove the AEO designation and produce **COSD000396** with a "Confidential" designation.

       k.    **COSD000397–406**: Defendants shall remove all remaining redactions from **COSD000397–406**, **except** Defendants shall redact (i) the following personal identifying information of witnesses: date of birth, social security number, address, phone number, and email address and (ii) the clause identifying a CIU officer on **COSD000399**. In addition, Defendants shall remove the AEO designation and produce **COSD000397–406** with a "Confidential" designation.

       l.    **COSD000407**: Defendants shall remove all remaining redactions from **COSD000407**, **except** Defendants shall redact the witness' phone number and email address. In addition, Defendants shall remove the AEO designation and produce **COSD000407** with a "Confidential" designation.

       m.    **COSD000408–413**: Defendants shall remove all remaining redactions from **COSD000408–413**, **except** Defendants shall redact any witness' phone number and email address. In addition, Defendants shall remove the AEO designation and produce **COSD000408–413** with a "Confidential" designation.

       n.    **COSD000414**: Defendants shall produce **COSD000414** with the current redactions and remove all confidentiality designations.

       o.    **COSD000415–420 (including attachments 415.001–.009, 416.001–.009, 417.001–.009, 418.001–.010, 419.001–.010, and 420.001–.009)**: Defendants (i) shall produce the emails (excluding attachments) at **COSD000415–420** without any confidentiality designation; (ii) shall produce the attached Contingency Plans at

29

**COSD000415.001–.009, 416.001–.009, 417.001–.009, 418.001–.010, 419.001–.010, and 420.001–.009** with an AEO designation; and (iii) shall remove all remaining redactions in **COSD000415.001–.009, 416.001–.009, 417.001–.009, 418.001–.010, 419.001–.010, and 420.001–.009, except** Defendants may redact the names of undercover CIU officers and officers' cell phone numbers.

p.      **COSD000421–435**: Defendants shall remove the AEO designation and all redactions and produce **COSD000421–435** with a "Confidential" designation.

q.      **COSD000436–439**: Defendants shall produce **COSD000436–439** without any confidentiality designations or redactions.

r.      **COSD000440, 442–443, 446–449, 450–458, 463, 465–472**: Defendants shall produce **COSD000440, 442–443, 446–449, 450–458, 463, and 465–472** without any confidentiality designations.

s.      **COSD000441, 444, 445, 459–462, including attachments 441.001–.009, 444.001–.009, 445.001–.009, 459.001–.009, 460.001–.009, 461.001–.009, and 462.001–.009**: Defendants (i) shall produce the emails (excluding attachments) at **COSD000441, 444, 445, 459–462** without any confidentiality designation; (ii) shall produce the attached Contingency Plans at **COSD000441.001–.009, 444.001–.009, 445.001–.009, 459.001–.009, 460.001–.009, 461.001–.009, and 462.001–.009** with an AEO designation; and (iii) shall remove all remaining redactions in **COSD000441.001–.009, 444.001–.009, 445.001–.009, 459.001–.009, 460.001–.009, 461.001–.009, and 462.001–.009, except** Defendants may redact the names of undercover CIU officers and officers' cell phone numbers.

t.      **COSD000464**: Defendants shall remove the AEO designation and produce **COSD000464** without any confidentiality designation or redactions, **except** Defendant may keep redactions relating to the private and personal information of the referenced police officers.

u.      **COSD000473–474**: Defendants shall produce **COSD000473–474** without any confidentiality designations.

v.     **COSD000475–480**: Defendants (i) shall remove the AEO designation and all remaining redactions in **COSD000475–480, except** Defendants may redact the radio frequencies reflected on **COSD000475**, and (ii) shall produce **COSD000475–480** with a "Confidential" designation.

w.     **COSD000481–489**: Defendants shall produce **COSD000481–489** with an AEO designation and remove all remaining redactions**, except** Defendants may redact the names of undercover CIU officers and officers' cell phone numbers.

x.     **COSD000490**–**501**: These documents are not at issue.

y.     **COSD000502**–**529**: Defendants (i) shall remove the AEO designation and all remaining redactions in **COSD000502–529**, **except** Defendants shall redact the following personal identifying information: date of birth, social security number, address, phone number, email address, driver's license number, and place of birth; and (ii) shall produce **COSD000502**–**529** with a "Confidential" designation.

2.     The Court **SETS** a telephonic Status Conference on **July 8, 2024** at **10:30 a.m.** regarding the status of Defendants' discovery production in compliance with this Order. Teleconference information will be provided two days prior to the Status Conference.

3.     Defendants shall file any renewed Motion for Summary Judgment by no later than **July 12, 2024**.

**IT IS SO ORDERED.**


Dated:  June 21, 2024

Honorable Valerie E. Torres
United States Magistrate Judge

3:23-cv-00039-MMA-VET